OPINION
{¶ 1} Defendant, Graham Jessee, appeals from his conviction and sentence for the illegal use of a minor in nudity oriented material or performances and for pandering sexually oriented matter involving a minor, and his designation as a habitual sex offender. *Page 2 
 {¶ 2} On four occasions between December 9, 2004, and March 4, 2005, Defendant used his home computer to solicit sex from a Springfield police detective who was posing as a fourteen year old girl. As a result, Springfield police obtained a warrant to search Defendant's home. On April 15, 2005, Fairborn police officers executed that warrant and searched at Defendant's home at 247 W. Routsong Drive in Fairborn. Defendant's personal computer was seized by police, and a subsequent examination of the hard drive revealed 138 images of child pornography.
 {¶ 3} As a result of these events, Defendant was indicted in Clark County on four counts of importuning in violation of R.C. 2907.07(D)(2). Defendant pled guilty to those charges and was sentenced to two years of community control sanctions and was classified a sexually oriented offender.
 {¶ 4} Defendant was also indicted in Greene County on four counts of illegal use of a minor in nudity oriented material or performances, R.C.2907.323(A)(3), and six counts of pandering sexually oriented matter involving a minor, R.C. 2907.322(A)(5). Following his conviction and sentence in Clark County, Defendant pled guilty to the Greene County charges. The trial court sentenced Defendant to five years of community control sanctions and classified him as an habitual *Page 3 
sex offender based upon Defendant's previous conviction in Clark County.
 {¶ 5} Defendant timely appealed to this court from his conviction and sentence in Greene County. Defendant challenges only his classification as an habitual sex offender.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED IN LABELING THE DEFENDANT A HABITUAL SEX OFFENDER."
 {¶ 7} R.C. 2950.01(B) defines a habitual sex offender as a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses. R.C. 2950.01(B)(1) and (2)(a). The trial court classified Defendant as an habitual sex offender because of his previous conviction in Clark County for a sexually oriented offense, importuning.
 {¶ 8} Defendant argues that his Clark County conviction cannot be used as the basis for a habitual sex offender classification because those importuning offenses were linked to or part of the same transaction or course of criminal conduct as the Greene County child pornography offenses. However, we need not address that issue because a more *Page 4 
fundamental and fatal flaw exists with respect to Defendant's classification as an habitual sex offender.
 {¶ 9} Defendant's previous conviction in Clark County for importuning in violation of R.C. 2907.07(D)(2) is a sexually oriented offense. R.C.2950.01(D)(1)(a). However, Defendant's convictions in Greene County for violations of R.C.2907.322(A)(5) and 2907.323(A)(3) are not sexually oriented offenses per R.C. 2950.01(D)(1)(b)(iii) and (iv). With respect to violations of R.C. 2907.322 and 2907.323, only violations of subsections (A)(1) or (3) of R.C. 2907.322 and subsections (A)(1)or (2) of R.C. 2907.323 are defined as sexually oriented offenses, pursuant to R.C. 2950.01(D)(1)(b)(iii) and (iv). Violations of R.C. 2907.322(A)(5) and 2907.323(A)(3) are not likewise classified. Therefore, they are not sexually-oriented offenses for purposes of R.C. 2950.01(B), which governs classification as an habitual sex offender.
 {¶ 10} On this record, Defendant has not been convicted on two or more separate occasions of "sexually oriented offenses."
 {¶ 11} Therefore, he does not meet the statutory definition of an habitual sex offender in R.C. 2950.01(B).State v. Wilkerson (2000), 138 Ohio App.3d 861. Accordingly, the trial *Page 5 
court erred as a matter of law in classifying Defendant as such.
 {¶ 12} Defendant's assignment of error is sustained. The trial court's classification of Defendant as an habitual sex offender is reversed, and this matter is remanded to the trial court for further proceedings. Otherwise, Defendant's conviction and sentence is affirmed.