OPINION
{¶ 1} James D. Landers appeals from his conviction and sentence in the Court of Common Pleas for Champaign County for two counts of pandering sexually oriented matter involving a minor, two counts of illegal use of a minor in nudity-oriented material or performance, and one count of voyeurism. Specifically, Landers challenges his *Page 2 
designation as a sexual predator.
 {¶ 2} The record demonstrates that a search of Landers' home by probation officers in July 2004 resulted in the discovery of a photograph of a young woman, unrelated to the appellant, labeled as "14-years-old" and the seizure of his personal computer. Subsequent analysis of the computer by the Bureau of Criminal Investigation and Identification revealed 2,270 separate website hits using the search terms "teen," "sex," and "porn." 27 images of both males and females were included in the indictment. 24 of those images were found on Landers' computer, while four of the images were found on floppy disks. Of the four images on the floppy disks, only one image was believed to depict a woman under the age of 18. At the sentencing hearing, Landers contended that 21 of the images were taken from the computer account of Zelma Evelyn Walker, a truck driver who resided with Landers for approximately one year and had access to the computer.
 {¶ 3} As a result of these findings, Landers was indicted in Champaign County on 19 counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5); two counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C.2907.323(A)(3); three counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); three counts of pandering obscenity involving a minor, in violation of R.C.2907.321(A)(1); and one count of voyeurism, in violation of R.C.2907.08(A). At the time of the indictment, Landers was under community control pursuant to a 2001 conviction for gross sexual imposition. Consequently, his community control was revoked, and he was sentenced to a term of 34 months imprisonment. *Page 3 
 {¶ 4} In light of a plea agreement, Landers pled guilty to two counts of pandering sexually oriented matter involving a minor, R.C.2907.322(A)(5); two counts of illegal use of a minor in nudity-oriented material or performance, R.C. 2907.323(A)(3); and one count of voyeurism, R.C. 2907.08(A). All remaining counts were dismissed. Thereafter, the trial court sentenced Landers to 18 months in prison, to run concurrently with the sentence he was serving at that time, and fines of $300.00 for each offense, also concurrent. The court additionally classified Landers as a sexual predator based upon Appellant's age, "the nature of the sexually oriented offenses" of which he had been found guilty, and his overall pattern of conduct. (Emphasis added.) (Tr. of Sentencing Hr'g, Nov. 28, 2006, at 40.)
 {¶ 5} Landers filed a timely notice of appeal from his conviction and sentence, assigning the following errors for review:
 {¶ 6} I. "THE TRIAL COURT ERRED IN LABELING THE DEFENDANT-APPELLANT, JAMES D. LANDERS, A SEXUAL PREDATOR PURSUANT TO O.R.C. § 2950.09."
 {¶ 7} II. "THE TRIAL COURT ERRED IN LABELING THE DEFENDANT-APPELLANT, JAMES D. LANDERS, A SEXUAL PREDATOR UNDER A CIVIL MANIFEST WEIGHT OF THE EVIDENCE STANDARD."
 {¶ 8} Effective at the time of Landers' conviction and sentencing, former R.C. 2950.01 defined a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E)(1). Here, the trial court classified Landers as a sexual *Page 4 
predator based upon several of the factors listed in R.C. 2950.09(B)(3): the appellant's age; the nature of his sexual conduct for the instant offenses and prior sexually oriented offenses, and his overall pattern of conduct.
 {¶ 9} Landers argues that the trial court's designation is erroneous, where there was no evidence demonstrating that his conduct was violent and/or physical in nature. He further contends that the trial court's findings were not based on competent, credible evidence that (1) the images seized from his computer depicted women under the age of 18; (2) his offenses were harmful to the community; and (3) his actions were part of a pattern of dangerous sexual behavior. See R.C. 2950.09(B)(4);State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 42.
 {¶ 10} The State, however, correctly points out that we need not address the issues Landers raises. In State v. Jessee, Greene App. No. 06CA33, 2007-Ohio-670, this Court concluded from a reading of former R.C. 2950.01(D)(1)(b)(iii) and (iv) that violations of R.C.2907.322(A)(5) and R.C. 2907.323(A)(3) are not sexually oriented offenses. Id. at ¶ 9. There, we stated the following:
 {¶ 11} "* * * Defendant's convictions in Greene County for violations of R.C.2907.322(A)(5) and 2907.323(A)(3) are not sexually oriented offenses per R.C. 2950.01(D)(1)(b)(iii) and (iv). With respect to violations of R.C. 2907.322 and 2907.323, only violations of subsections (A)(1) or (3) of R.C. 2907.322 and subsections (A)(1) or (2) of R.C.2907.323 are defined as sexually oriented offenses, pursuant to R.C.2950.01(D)(1)(b)(iii) and (iv). Violations of R.C. 2907.322(A)(5) and2907.323(A)(3) are not likewise classified." Id. Furthermore, a conviction for voyeurism does not constitute a sexually oriented offense unless the victim is under 18 years old. See former R.C. *Page 5 2950.01(D)(1)(a)(i). As the State acknowledges, the evidence here does not demonstrate that Landers' victim was under the age of 18.
 {¶ 12} In the present matter, because Landers has not been convicted of a sexually oriented offense, he does not meet the statutory definition of a sexual predator. Thus, we find that the trial court erred as a matter of law in classifying Landers as such.
 {¶ 13} The State proposes that we remand this matter to the trial court for further proceedings, asserting that the offender does not actually have to commit a sexually oriented offense in the case in whichhe is found to be a sexual predator. However, we decline to accept the State's position, because to do so would permit the trial court tore-classify Landers for gross sexual imposition, a sexually oriented offense for which he has already been convicted, sentenced and classified as a sexually oriented offender.
 {¶ 14} This Court is also aware of the current state of sexual offender classifications in Ohio. Senate Bill 10, which became effective January 1, 2008, authorizes the Attorney General to determine the classification of each offender subject to registration under a three-tiered system. See R.C. 2950.031. Designations such as sexual predator will no longer exist, nor will the related hearings under former R.C. 2950.09. However, the fact that the legislature has changed the manner in which offenders are classified does not preclude this Court from finding that the trial court erred as a matter of law in the present case. Accordingly, Landers' assignments of error are sustained. The trial court's classification of him as a sexual predator is reversed.
Judgment reversed.
 FAIN and DONOVAN, JJ., concur. *Page 1