OPINION
{¶ 1} The State of Ohio appeals from a judgment of the Miami County Court of Common Pleas, which held that Brian Cook was not subject to the sex offender registration and notification requirements set forth in R.C. Chapter 2950, as amended by Amended Substitute Senate Bill 10 ("S.B. 10"), effective January 1, 2008. For the following reasons, the trial court's judgment will be affirmed. *Page 2 
 I {¶ 2} In June 2001, Cook was convicted in the Montgomery County Court of Common Pleas of 20 counts of possessing or viewing material showing a minor in a state of nudity, in violation of R.C. 2907.323(A)(3). Cook was designated a sexual predator, which subjected him to community notification requirements under Ohio's Sex Offender Registration and Notification Act, R.C. Chapter 2950 ("SORN").
 {¶ 3} In 2007, the General Assembly enacted S.B. 10 to implement the federal Adam Walsh Child Protection and Safety Act of 2006. Among other changes, S.B. 10 modified the classification scheme for offenders who are subject to the Act's registration and notification requirements. S.B. 10 created a three-tiered system, in which a sex offender's classification is determined based on the offense of which the offender was convicted.
 {¶ 4} On November 29, 2007, Cook received a notice from the Ohio Attorney General, informing him of recent changes to SORN and that he had been reclassified as a Tier III sex offender. On January 27, 2008, Cook filed a petition to contest his reclassification. Cook raised several constitutional challenges to S.B. 10 and, alternatively, he argued that his offense is statutorily defined as a Tier I, not Tier III, offense under the amended statute.
 {¶ 5} The trial court stayed the constitutional challenges pending a ruling by the Supreme Court of Ohio on those issues, and it held a hearing on whether Cook had been properly reclassified. Upon consideration of stipulated facts and oral argument, the trial court held that Cook was not subject to community notification under S.B. 10. It reasoned as follows:
 {¶ 6} "The nature of the Defendant's conviction (2907.323(A)(3)) would now put him in a Tier I classification (Jan. 1, 2008). However, he was found to be a sexual predator by his *Page 3 
original trial court.
 {¶ 7} "Pursuant to O.R.C. 2950.01(G)(5) a Tier III sex offender includes any sex offender who is not in any category of Tier III sex offenders, who, prior to January 1, 2008, was convicted of a sexually oriented offense * * * and who prior to that date was adjudicated a sexual predator, unless the sex offender is reclassified as a Tier I or Tier II offender, relative to the offense (2950.01(G)(5)(a)).
 {¶ 8} "The applicable section to determining if the Defendant should be reclassified as a Tier I offender, is O.R.C. 2950.031(E). This section directs the Court to consider all relevant information and testimony presented relative to the application of the Defendant. If the Court finds by clear and convincing evidence that the new registration requirement does not apply to the Defendant, the Court shall issue an order that specifies that the new registration requirements do not apply to the offender[.]
 {¶ 9} "The problem with this case is the fact that in 2001, when the Defendant was convicted, violations of O.R.C. 2907.323(A)(3) were not sexually oriented offenses. See Second District Court of Appeals cases,St. v. Landers, Champaign App. No. 06CA42, 2008-Ohio-422 and St. v.Jesse, Greene App. No. 06CA33, 2007-Ohio-670.
 {¶ 10} "Under then O.R.C. 2950.01(E), a sexual predator was someone who was convicted of a sexually oriented offense. If the Defendant's offenses were not sexually oriented offenses, the Defendant could not have been adjudicated a sexual predator, and any such finding is void.
 {¶ 11} "The stipulations in this case establish just that, and there is nothing in O.R.C. 2950.01(A)(1) which makes that part of the amended section retroactive (that is to say, that prior *Page 4 
convictions of 2907.323(A)(3) are now deemed to be sexually oriented offenses).
 {¶ 12} "Hence, the Defendant in this case has never been convicted of a sexually oriented offense.
 {¶ 13} "The Court finds by clear and convincing evidence that pursuant to O.R.C. 2950.031(E) the new registration requirements do not apply to the Defendant.
 {¶ 14} "The Court finds by clear and convincing evidence the Defendant is not subject to registration or community notification requirements."
 {¶ 15} The State appeals from this judgment.
 II {¶ 16} The State's sole assignment of error reads:
 {¶ 17} "THE TRIAL COURT ERRED BY FINDING THAT THE APPELLEE WAS NOT SUBJECT TO CLASSIFICATION AND REGISTRATION AS A SEX OFFENDER UNDER CHAPTER 2950 OF THE OHIO REVISED CODE AS AMENDED BY SENATE BILL 10."
 {¶ 18} The State claims that the trial court erred in concluding that the registration requirements under S.B. 10 do not apply retroactively to a person convicted of R.C. 2907.323 prior to January 1, 2008. Relying upon R.C. 2950.04(A)(2), the State asserts that the statute imposes registration requirements upon a person who commits a sexually oriented offense, regardless of when the offense was committed. The State notes that the present definition of "sexually oriented offense" includes R.C. 2907.323(A)(3). The State thus argues that the registration and notification requirements in S.B. 10 apply retroactively to Cook. The State further argues that Landers and Jesse were based on prior versions of R.C. Chapter 2950 and are *Page 5 
inapplicable.
 {¶ 19} In response, Cook emphasizes that the State concedes that nothing in R.C. 2950.01 makes the definition of "sexually oriented offense" retroactive. Cook further argues that the trial court properly relied upon Landers and Jesse in concluding that a violation of R.C. 2950.323 is not a sexually oriented offense.
 {¶ 20} Statutes are presumed to apply prospectively, and a statute does not apply retroactively unless the General Assembly expressly makes the statute retroactive. Hyle v. Porter, 117 Ohio St.3d 165,2008-Ohio-542, 882 N.E.2d 899, ¶ 7-8. "Pursuant to R.C. 1.48, if the statute is silent on the question of its retroactive application, we must apply it prospectively only." Id. at ¶ 10. If the court determines that the statute has been made retroactive by the General Assembly, the court must then address whether the statute violates the Retroactivity Clause set forth in Section 28, Article II of the Ohio Constitution. Id. at ¶ 9.
 {¶ 21} Under S.B. 10, the definition of "sexually oriented offense" includes the violations specified in R.C. 2950.01(A) "on and after January 1, 2008, [and] any sexually oriented offense, as that term was defined in section 2950.01 of the Revised Code prior to January 1, 2008, that was committed prior to that date and that was not a registration exempt sexually oriented offense, as that term was defined in that section prior to January 1, 2008." R.C. 2950.011. A violation of R.C. 2907.323(A)(3) is a sexually oriented offense under R.C. 2950.01(A)(1) as of January 1, 2008. It is undisputed that a violation of R.C. 2950.323(A) was not a sexually oriented offense under prior versions of R.C. 2950.01.
 {¶ 22} We agree with the trial court that the definition of "sexually oriented offense" does not include offenses that were added by S.B. 10 if they were committed prior to S.B. 10's *Page 6 
effective date. By indicating that "sexually oriented offense" includes offenses included in prior versions of SORN, that were committed prior to January 1, 2008, and that required registration, R.C. 2950.011
implicitly states that other offenses committed prior to January 1, 2008 are not included in the definition. In other words, the offenses added by S.B. 10 are to be considered "sexually oriented offenses" prospectively only. As conceded by the State, nothing in R.C. 2950.01
indicates that the new offenses are to be treated as "sexually oriented offenses" retroactively. Accordingly, a person who committed a violation of R.C. 2907.323(A)(3) prior to January 1, 2008, is not subject to S.B. 10's registration and notification requirements.
 {¶ 23} This interpretation is consistent with other provisions in S.B. 10.
 {¶ 24} R.C. 2950.03 sets forth the duty of various officials to notify offenders of their classification under the new tiered system. This section places the duty on a particular official based on whether the offender falls within a particular category. These categories include: (1) offenders in prison on or after January 1, 2008 for a sexually oriented offense, R.C. 2950.03(A)(2); (2) those who are sentenced on or after January 1, 2008, R.C. 2950.03(A)(2); (3) juveniles who are classified as a juvenile offender registrant on or after January 1, 2008, R.C. 2950.03(A)(3); (4) juveniles who are classified as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant on or after January 1, 2008, R.C. 2950.03(A)(4); (5) an offender who has registered under SORN prior to December 1, 2007, R.C. 2950.03(A)(5)(a); (6) an offender who registers with the sheriff between December 1, 2007 and January 1, 2008 based on a duty imposed prior to December 1, 2007, R.C. 2950.03(A)(5)(b); (7) an offender who is in prison for a sexually oriented offense on December 1, 2007, R.C. 2950.03(A)(5)(c); (8) an offender who commences a prison term on or after December 2, 2007, *Page 7 
R.C. 2950.03(A)(5)(d); and (9) a offender who is convicted of a sexually oriented offense between July 1, 2007 and January 1, 2008 and is not sentenced to a prison term, R.C. 2950.03(A)(6).
 {¶ 25} Upon review of R.C. 2950.03, the notification provision does not reach all individuals who had ever been convicted of a "sexually oriented offense," as now defined by S.B. 10. Individuals whose offenses were not sexually oriented offenses prior to S.B. 10 and who were neither incarcerated nor registering prior to July 2007 would not fall within the notification provisions. For individuals who committed offenses prior to the effective date of S.B. 10, R.C. 2950.03 appears to require notice only to those whose offenses had been subject to SORN under prior versions.
 {¶ 26} Other provisions also support this conclusion. R.C. 2950.031
expressly applies the new registration scheme to offenders who had previously registered a residence, school, institute of higher education, or employer under the prior SORN statute, and it requires the Attorney General to determine the offender's new classification under the new tiered classification statute. R.C. 2950.31(A)(2) requires the Attorney General to send notice to each offender who had previously registered under SORN.
 {¶ 27} R.C. 2950.033 makes clear that the registration requirements for those offenders whose duty to register was scheduled to terminate between July 1, 2007 and January 1, 2008 would not terminate as scheduled and that the duty would remain in effect under the new classification statutes. See, also, R.C. 2950.07(A)(7) (setting forth the initial registration date for offenders who had previously registered under a prior version of SORN). *Page 8 
 {¶ 28} The State asserts that R.C. 2950.04(A)(2) requires an interpretation that the registration provisions apply retroactively to Cook. R.C. 2950.04(A)(2) provides:
 {¶ 29} "(2) Regardless of when the sexually oriented offense wascommitted, each offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense shall comply with the following registration requirements described in divisions (A)(2)(a), (b), (c), (d), and (e) of this section:
 {¶ 30} "(a) The offender shall register personally with the sheriff, or the sheriff's designee, of the county within three days of the offender's coming into a county in which the offender resides or temporarily is domiciled for more than three days.
 {¶ 31} "(b) The offender shall register personally with the sheriff, or the sheriffs designee, of the county immediately upon coming into a county in which the offender attends a school or institution of higher education on a full-time or part-time basis regardless of whether the offender resides or has a temporary domicile in this state or another state.
 {¶ 32} "(c) The offender shall register personally with the sheriff, or the sheriffs designee, of the county in which the offender is employed if the offender resides or has a temporary domicile in this state and has been employed in that county for more than three days or for an aggregate period of fourteen or more days in that calendar year.
 {¶ 33} "(d) The offender shall register personally with the sheriff, or the sheriffs designee, of the county in which the offender then is employed if the offender does not reside or have a temporary domicile in this state and has been employed at any location or locations in this state more than three days or for an aggregate period of fourteen or more days in that calendar year. *Page 9 
 {¶ 34} "(e) The offender shall register with the sheriff, or the sheriffs designee, or other appropriate person of the other state immediately upon entering into any state other than this state in which the offender attends a school or institution of higher education on a full-time or part-time basis or upon being employed in any state other than this state for more than three days or for an aggregate period of fourteen or more days in that calendar year regardless of whether the offender resides or has a temporary domicile in this state, the other state, or a different state." (Emphasis added.)
 {¶ 35} Other portions of R.C. 2950.04(A) address initial registration immediately after sentencing, registration by delinquent children, and registration of individuals who have been convicted of sexually oriented offenses in another state, federal court, military court, Indian tribal court, or the court of another country.
 {¶ 36} Although the phrase "[r]egardless of when the sexually oriented offense was committed" indicates that R.C. 2950.04(A) applies retroactively, see State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4828,896 N.E.2d 110 (holding that former R.C. 2950.041(A) applies retrospectively), we note that the phrase must be interpreted in light of the definition of "sexually oriented offense." As stated above, "sexually oriented offense" includes violations of any sexually oriented offense, as that term was defined under a prior version of SORN, that were committed prior to January 1, 2008. The phrase "regardless of when * * * committed" does not require an interpretation that offenses added by S.B. 10 are to be retroactively subject to SORN under S.B. 10.
 {¶ 37} Viewing R.C. Chapter 2950 as a whole, we conclude that the legislature did not intend violations of offenses added by S.B. 10 that were committed prior to *Page 10 
January 1, 2008, to be subject to the registration and notification requirements. Rather, the statute, when read in its entirety, indicates the legislature's intent to impose registration requirements only upon those offenders who fall within the categories listed in R.C. 2950.03. Stated simply, R.C. Chapter 2950 applies retroactively to those offenders whose existing registration requirements would expire after July 1, 2007 and to other offenders who were incarcerated or beginning their registration requirements under SORN shortly before the effective date of the new registration requirements.
 {¶ 38} In this case, Cook was notified by the Attorney General because he was an offender who had registered under SORN prior to December 1, 2007. R.C. 2950.03(A)(5)(a). It is clear, however, that Cook should not have been classified under SORN in 2001 and should not have been subject to SORN's registration requirements. Because Cook's violation of R.C. 2907.323(A)(3) occurred prior to the effective date of S.B. 10, Cook's violation is not a "sexually oriented offense" under the new statute.
 {¶ 39} The assignment of error is overruled.
 III {¶ 40} The judgment of the trial court will be affirmed.
 GRADY, J. and DONOVAN, J., concur. *Page 1