DECISION. *Page 2 
{¶ 1} Defendant-appellant Deon Bloom was indicted on November 11, 2007, for the illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a second-degree felony. The crime had occurred on September 27, 2007. On November 28, 2007, Bloom pleaded guilty to illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony. Defense counsel requested that the trial court sentence Bloom before January 1, 2008, the effective date of Am. Sub. S.B. No. 10 ("Senate Bill 10"), because under former R.C. Chapter 2950, a violation of R.C. 2907.323(A)(3) was not a sexually oriented offense subject to registration, but under the amendments to R.C. Chapter 2950
wrought by Senate Bill 10, a violation of R.C. 2907.323(A)(3) is a Tier I sex offense requiring registration and annual address verification for 15 years. The court refused to sentence Bloom prior to January 1, 2008.
 {¶ 2} On January 9, 2008, the trial court sentenced Bloom to eight months' incarceration. Over defense counsel's objection, the court informed Bloom that he was being classified as a Tier I sex offender and explained Bloom's reporting duties. Bloom has appealed his classification as a Tier I sex offender.
 {¶ 3} Bloom's first assignment of error alleges that the trial court erred in finding that he was subject to classification and registration as a sex offender under R.C. Chapter 2950 as amended by Senate Bill 10. Bloom argues that Senate Bill 10's tier-classification and registration provisions do not apply because he committed and pleaded guilty to a violation of R.C. 2907.323(A)(3) when it was not a sexually oriented offense subject to registration. *Page 3 
 {¶ 4} As of January 1, 2008, a violation of R.C. 2907.323(A)(3) is a sexually oriented offense under R.C. 2950.01(A)(1). It is undisputed that a violation of RC. 2907.323(A)(3) was not a sexually oriented offense requiring registration under former R.C. Chapter 2950.
 {¶ 5} In State v. Cook, [1] the Second Appellate District held that, because a violation of RC. 2907.323(A)(3) was not a sexually oriented offense under former R.C. Chapter 2950, Cook, who had committed his R.C. 2907.323(A)(3) offense prior to January 1, 2008, was not subject to Senate Bill 10's tier-classification, registration, or notification provisions. The Cook court reasoned that RC. 2950.011 states that the definition of "sexually oriented offense" includes crimes committed before January 1, 2008, requiring registration; therefore, by implication, other crimes committed before January 1, 2008, are not included:
 {¶ 6} "[T]he definition of `sexually oriented offense' does not include offenses that were added by [Senate Bill] 10 if they were committed prior to [Senate Bill] 10's effective date. By indicating that `sexually oriented offense' includes offenses included in prior versions of [Ohio's Sex Offender Registration and Notification Act], that were committed prior to January 1, 2008, and that required registration, R.C. 2950.011 implicitly states that other offenses committed prior to January 1, 2008, are not included in the definition. In other words, the offenses added by [Senate Bill] 10 are to be considered `sexually oriented offenses' prospectively only. As conceded by the State, nothing in R.C. 2950.01 indicates that the new offenses are to be treated as `sexually oriented offenses' retroactively. Accordingly, a person who committed a violation of *Page 4 
RC. 2907.323(A)(3) prior to January 1, 2008, is not subject to [Senate Bill] 10's registration and notification requirements."[2]
 {¶ 7} The state argues that R.C. 2950.04(A)(2) compels an interpretation that the registration requirements apply to Bloom. RC. 2950.04(A)(2) states that "[rjegardless of when the sexually orientedoffense was committed, [3] each offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense shall comply with the following registration requirements described in divisions (A)(2)(a), (b), (c), (d), and (e) of this section."
 {¶ 8} The Second Appellate District addressed the same argument inCook and held that the phrase "regardless of when committed" in R.C. 2950.04(A)(2) did not retroactively include Cook's violation of R.C. 2950.323(A)(3) in the definition of sexually oriented offense. TheCook court held that the phrase must be interpreted in light of the definition of "sexually oriented offense." "Sexually oriented offense" as defined under Senate Bill 10 includes violations that were defined as sexually oriented offenses under former R.C. Chapter 2950. "Viewing R.C. Chapter 2950 as a whole, we conclude that the legislature did not intend violations of offenses added by [Senate Bill] 10 that were committed prior to January 1, 2008, to be subject to the registration and notification requirements. "[4]
 {¶ 9} We adopt the reasoning of the Cook court because we find it compelling. Bloom's violation of RC. 2907.323(A)(3) is not a sexually oriented offense because it occurred prior to Senate Bill 10's effective date. Therefore, Bloom is not subject to classification and registration under Senate Bill 10. The assignment of error is sustained. *Page 5 
 {¶ 10} Bloom's second and third assignments of error, which allege that the trial court erred in refusing to sentence him before January 1, 2008, and that the retroactive application of Senate Bill 10's tier-classification and registration requirements is unconstitutional, are made moot by our disposition of Bloom's first assignment of error, and we decline to address them.
 {¶ 11} The j udgment of the trial court is reversed solely for the reasons set forth in this decision, and this cause is remanded to the trial court with instructions to modify its sentencing entry to reflect that Bloom is not classified as a Tier I sex offender, and that he is not subject to Senate Bill 10's registration and verification requirements, and for further proceedings consistent with law and this decision. The judgment of the trial court is affirmed in all other respects.
Judgment affirmed in part and reversed in part, and cause remanded.
HENDON, P.J., and DINKELACKER, J., concur.
[1] 2nd Dist. No. 2008 CA 19, 2008-Ohio-6543.
[2] See id. at ¶ 22.
[3] Emphasis added.
[4] See Cook at ¶ 37. *Page 1