[Cite as *Haynes v. State*, 2012-Ohio-2814.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DANA AARON HAYNES, | : | APPEAL NO. C-100381 |
| | | TRIAL NO. SP-1000001 |
| Petitioner-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| STATE OF OHIO, | : | |
| | | |
| Respondent-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 22, 2012

*Dinsmore & Shohl, LLP, Christopher R. McDowell* and *Kurt R. Hunt*, for Petitioner-Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Respondent-Appellee.

Please note:  This case has been removed from the accelerated calendar.

SUNDERMANN, Presiding Judge.

### Facts and Procedure

{¶1}   On October 5, 2005, in the United States District Court for the Southern District of Ohio, petitioner-appellant Dana Aaron Haynes pleaded guilty to and was convicted of possession of child pornography.  Haynes committed his crime on or about April 19, 2005, in Hamilton County, Ohio.  Haynes was not classified by the district court judge as a sex offender, and the judge specifically provided in Haynes's conditions for supervised release that he was not required to register as a sex offender.

{¶2}   In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("Senate Bill 10") to implement the federal Adam Walsh Child Protection and Safety Act of 2006.  At some point, Haynes was notified that he had been classified under Senate Bill 10 as a Tier II sex offender and that he was required to register with the local sheriff every 180 days for 25 years.  Haynes filed an R.C. 2950.031(E) petition to contest his classification, challenging the constitutionality of Senate Bill 10.  Haynes also argued that he had been incorrectly classified as a Tier II sex offender and that his correct classification was a Tier I sex offender.  After a hearing, the trial court overruled Haynes's constitutional challenges to Senate Bill 10 and determined that he had been correctly classified as a Tier II sex offender.

{¶3}   We affirmed Haynes's classification as a Tier II sex offender on direct appeal.  *State v. Haynes*, 1st Dist. No. C-100381 (June 8, 2011).  The Ohio Supreme Court accepted Haynes's appeal and remanded the case to this court for application of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

### *Analysis*

{¶4}     In *Williams*, the court held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus.  The court concluded that Senate Bill 10's more stringent classification, registration, and community-notification provisions imposed "new or additional burdens, duties, obligations, or liabilities as to a past transaction" and created "new burdens, new duties, new obligations, or new liabilities not existing at the time" upon sex offenders who had committed their crimes prior to Senate Bill 10's enactment. *Id.* at ¶ 19.  The court held that Senate Bill 10's classification, registration, and community-notification provisions were punitive and could not constitutionally be retroactively applied to sex offenders who had committed their sex offenses before its enactment.

{¶5}     In *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Ohio Supreme Court held that "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the reopening of final judgments." *Id.* at paragraph three of the syllabus.  Further, the court held that the statutes violate the separation-of-powers doctrine because they "impermissibly instruct the executive branch to review past decisions of the judicial branch." *Id.* at paragraph two of the syllabus.  The court severed the statutory provisions, holding that "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." *Id.* at ¶ 66.

{¶6}    Because Haynes committed his crime in 2005, pursuant to *Williams*, Senate Bill 10's classification, registration, and community-notification provisions may not be applied to him. Further, *Bodyke* requires that the district court judge's order specifically exempting Haynes from registering as a sex offender be reinstated. We note additionally that Haynes could not have been classified as a sex offender under former R.C. Chapter 2950 ("Megan's Law") because, as the state has pointed out, his offense was not defined under that statutory scheme as a sexually-oriented offense. *See State v. Bloom*, 1st Dist. No. C-080068, 2009-Ohio-1371; *State v. Cook*, 2d Dist. No. 2008 CA 19, 2008-Ohio-6543; *Phan v. Leis*, 1st Dist. No. C-050842, 2006-Ohio-5898; *State v. Williamson*, 5th Dist. No. 04 CA 75, 2005-Ohio-3524.

{¶7}    The judgment of the trial court denying Haynes's R.C. 2950.031(E) petition is reversed, and this cause is remanded with instructions to the trial court to issue an order under R.C. 2950.031(E) that specifies that Senate Bill 10's classification, registration, and community-notification requirements do not apply to Haynes and to serve that order as set forth in the statute.

Judgment reversed and cause remanded.

**HENDON** and **DINKELACKER, JJ.**, concur.

Please note:

The court has recorded its own entry this date.