Judgment vacated<br>and appellant discharged.

PATRICIA ANN BLACKMON, P.J., and DIANE KARPINSKI, J., concur.

The STATE of Ohio, Appellee,

v.

OTHMAN, Appellant.

[Cite as State v. Othman, 149 Ohio App.3d 82, 2002-Ohio-4029.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80688.

Decided Aug. 8, 2002.

William D. Mason, Cuyahoga County Prosecuting Attorney, George Rukovena and Kelley J. Barnett, Assistant Prosecuting Attorneys, for appellee.

Zukerman, Daiker & Lear Co., L.P.A., and S. Michael Lear, for appellant.

MICHAEL J. CORRIGAN, Presiding Judge.

I

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the file from the criminal court, the transcript from the sentencing hearing of December 14, 2001, and briefs of counsel. Defendant-appellant Nadeel Othman's motion to supplement the record with the victim's medical records was denied.

{¶ 2} Othman was originally indicted on four counts following the sexual assault of a sixteen year old. Othman participated in the assault with others who were also charged but who are not parties to this appeal. After a plea bargain, three of the four counts against Othman were nolled and he ultimately pled guilty

to the one remaining count: sexual battery, a violation of R.C. 2907.03, which is a third-degree felony. After a sentencing hearing, the trial court sentenced Othman to the maximum sentence of five years. Othman appeals his sentence.

{¶ 3} Specifically, Othman argues that (1) the trial court failed to engage in the proper analysis when it decided against imposing the minimum sentence; (2) the trial court failed to state its reasons on the record when it imposed the maximum sentence; (3) the trial court improperly considered offenses that were nolled and that the prison sentence is not supported by the record; and (4) the trial court failed to make the requisite finding that the presentence investigation report ("PSI report") contained an inaccuracy.

II

1 and 2

{¶ 4} A court imposing a sentence on a felony offender who has not previously served a prison term must "impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).

{¶ 5} Further, a court imposing the maximum sentence upon a felony offender may do so "only upon," among others, "offenders who committed the worst forms of the offense[.]" R.C. 2929.14(C). And courts that impose the maximum sentence must provide reasons for doing so. R.C. 2929.19(B)(2)(d).

{¶ 6} During the sentencing hearing, the court stated:

{¶ 7} "However, before I sentence you, I have to look at certain factors when I sentence you. And I am first required by law to consider the minimum sentence, because you have no prior felony.

{¶ 8} "And I don't believe that a one-year sentence [the minimum] in this case would appropriately punish you or protect society by giving you the minimum sentence. I think giving you the shortest sentence would demean what happened to the victim and her family in this case.

{¶ 9} "As I said before, I believe that this is one of the worst forms of the offense that I have ever seen. And the reason that I say that is technically I am looking at you as a sexual battery, but from the review of the reports and the review of the statements from the victim and from her family, what happened to her is outrageous. The damage to this girl's rectum, to her vagina. She had a cut nipple. She had bruises on her body. She said that you guys put drugs into her, or your friends put drugs into her and you basically gang raped her.

{¶ 10} "And one of the reasons that there was a plea agreement in this case was the medical condition of the mother in this case was a huge consideration. This is what I was told.

{¶ 11} "This victim has been diagnosed with post-traumatic stress syndrome. She was in Lakewood Hospital after an attempt to commit suicide as a result of what you guys did to her.

{¶ 12} "So yes, this is one of the worst forms of the offense, and, yes, I document that for the record.

{¶ 13} "So I am going to sentence you on Count Two of this indictment to five years [the maximum] at Lorain Correctional Institution."

{¶ 14} The court met the statutory requirements for imposing the sentences. Specifically, the court found that the minimum sentence would not "appropriately punish you or protect society by giving you the minimum sentence. I think giving you the shortest sentence would demean what happened to the victim and her family in this case." Therefore, the court appropriately sentenced Othman to more than the minimum sentence. R.C. 2929.14(B).

{¶ 15} Further, the court found, "I believe that this is one of the worst forms of the offense that I have ever seen." The court then stated its reasons for imposing the maximum sentence, describing the physical and psychological harm suffered by the victim and the nature and circumstances of the assault. Therefore, the trial court met the statutory requirements for imposing the maximum sentences. R.C. 2929.14(C); R.C. 2929.19(B)(2)(d).

3

{¶ 16} There is nothing in the record to suggest that the trial court considered the nolled offenses in determining the sentence. Further, Othman has failed to show how the five-year sentence, which is allowed under the relevant statute for third-degree felonies, is contrary to law. Finally, Othman's argument that his sentence is not supported by clear and convincing evidence is unpersuasive. Othman pled guilty to sexual battery, and the judge listed the circumstances surrounding the assault itself and the damage, both physical and psychological, suffered by the victim.

4

{¶ 17} R.C. 2951.03(B)(5) requires that when the defense alleges any inaccuracy in a PSI report, the court must either (a) "make a finding as to the allegations" or (b) "make a determination that no finding is necessary * * * because the factual matter will not be taken into account in the sentencing of the defendant."

{¶ 18} Here, defense counsel brought to the court's attention the factual inaccuracy in the PSI report. The report stated that Othman had five previous misdemeanor convictions when, in fact, he had only one. This colloquy followed:

{¶ 19} "THE COURT: So the only prior conviction that he has is disorderly conduct from March of 2000?

{¶ 20} "[DEFENSE COUNSEL]: That is correct, your Honor.

{¶ 21} "THE COURT: All right."

{¶ 22} We hold that, although the court did not expressly say, "I make the following finding," the court did find on the record the error in the PSI report. It is clear from the transcript that the court understood that the PSI report contained the error and that Othman had previously been convicted of only one misdemeanor. Further, there is nothing in the record that suggests that the trial court took into consideration the improperly reported misdemeanors when imposing sentence. Therefore, even if we were to hold that the trial court did not make the required finding, the failure would be, at most, harmless error. See, e.g., *State v. Griffin* (Feb. 12, 1998), Washington App. No. 97CA17, 1998 WL 102584.

## III

{¶ 23} We hold that Othman's assignments of error are not well taken and therefore affirm the decision of the trial court.

Judgment affirmed.

TERRENCE O'DONNELL, J., concurs.

COLLEEN CONWAY COONEY, J., concurs in judgment only.

COLLEEN CONWAY COONEY, Judge, concurring in judgment only.

{¶ 24} I concur with the majority's decision to affirm the sentence imposed by the trial court. However, I write separately because I believe that it was an error for this court to deny Othman's motion to supplement the record with the victim's medical records.

{¶ 25} On appeal, it is our duty to determine whether by clear and convincing evidence the sentence is supported by the record. R.C. 2953.08(G). Further, when a trial court's sentencing decision is appealed, "the record to review shall include all of the following, as applicable: any presentence, psychiatric or other investigative report * * * the trial record * * * [and] any oral or written statements made to or by the court at the sentencing hearing." R.C. 2953.08(F).

{¶ 26}   Here, the trial court specifically referred to the victim's medical report and purportedly relied on the findings therein while making its sentencing decision.

{¶ 27}   Othman maintains that the hospital records do not support the facts relied on by the trial court in its determination that Othman's actions constituted the worst form of the offense.

{¶ 28}   As noted by the majority, when imposing the maximum sentence the trial court described the physical and psychological harm suffered by the victim. The court made the following findings:

{¶ 29}   "The damage to this girl's rectum, to her vagina. She had a cut nipple. She had bruises on her body. She said that you guys put drugs into her, or your friends put drugs into her and you basically all gang raped her. * * * This victim has been diagnosed with post-traumatic stress syndrome. She was in Lakewood Hospital after an attempt to commit suicide as a result of what you guys did to her. So yes, this is one of the worst forms of the offense, and yes, I document that for the record."

{¶ 30}   It is true that the record does not support all of the trial court's findings regarding the extent of injuries suffered by the victim. First, the suicide attempt and psychological hospitalization referred to by the trial court occurred prior to the incident in question. Further, the record is silent as to any psychological diagnosis other than depression, from which the victim has suffered since the age of seven. Accordingly, the trial court erred in attributing these consequences to Othman's actions.

{¶ 31}   Next, although the medical report notes that the victim had microtears to her vagina, it also lists the condition of her vagina as "normal." Further, the report notes that there were "no tears or abrasions" to her labia, hymen, anus, or rectum. Thus, the trial court erred in stating that these injuries existed.

{¶ 32}   Nonetheless, the medical report does show that the victim had bruises and scrapes on her elbows, knees, back, thigh, and breast. The report also noted that the victim appeared distraught and tearful. Thus, there was evidence to support a finding that the victim suffered physical and psychological harm.

{¶ 33}   The majority states that the trial court also described the circumstances of the assault to support her finding that Othman committed the worst form of the offense. However, the trial court unfortunately did not describe the circumstances of the offense, and it is these circumstances which support a finding that this was the worst form of the offense.

{¶ 34}   The circumstances supporting the court's finding are that the victim in this case was sixteen years old, she was highly intoxicated when taken to an apartment where several males took sexual advantage of her, and she suffered

physical harm. Clearly, the circumstances of this case support the trial court's finding that this was the worst form of the offense.

{¶ 35} Despite the factual errors made by the trial court during sentencing, sufficient reasons exist that support a finding that this was the worst form of the offense. Accordingly, I concur with the majority's decision to affirm the trial court's imposition of the maximum sentence.