OPINION
{¶ 1} Appellant John Williamson appeals the sentence rendered by the Richland County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} Appellant was charged, in a bill of information, with two counts of possessing obscene material, a felony of the fourth degree. Appellant entered a guilty plea to the charges and the trial court continued the matter for sentencing and preparation of a pre-sentence investigation report. Subsequently, at the sentencing hearing, defense counsel objected to the accuracy of the pre-sentence investigation report concerning alleged acts of uncharged sexual misconduct involving appellant.
 {¶ 3} The trial court responded that any misinformation contained in the pre-sentence investigation report was the result of appellant being uncooperative during the preparation of the report. The trial court also commented that appellant went to Children's Services and became a parent, without telling the agency that he is a homosexual.
 {¶ 4} Thereafter, the trial court proceeded to sentence appellant to three years community service, with ninety days to be served in jail, with work release and a fine of $2,500. The trial court further found appellant to be a "sexually oriented offender" and included this finding in the judgment entry of conviction.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT THE DEFENDANT WAS A SEXUALLY ORIENTED OFFENDER WHEN THE DEFENDANT HAD NEVER BEEN CONVICTED OF A SEXUALLY ORIENTED OFFENSE.
 {¶ 7} "II. THE TRIAL COURT ERRED WHEN IT RELIED UPON ACCUSATIONS OF UNCHARGED MISCONDUCT IN THE PRESENTENCE REPORT AFTER DEFENSE COUNSEL OBJECTED TO THE VERACITY OF THE ALLEGATIONS AND NO PROOF WAS THEN OFFERED IN SUPPORT OF THE TRUTHFULNESS OF THE ACCUSATIONS."
 I {¶ 8} In his First Assignment of Error, appellant maintains the trial court erred when it determined that he is a "sexually oriented offender" because he has never been convicted of a sexually oriented offense. We agree.
 {¶ 9} R.C. 2950.01(D) defines a "sexually oriented offense" as follows:
 {¶ 10} "(D) `Sexually oriented offense' means any of the following:
 {¶ 11} "(1) Any of the following violations or offenses committed by a person eighteen years of age or older;
 "* * * {¶ 12} "(b) Any of the following offenses involving a minor, in the circumstances specified:
 "* * * {¶ 13} "(iii) A violation of division (A)(1) or (3) of section 2907.321
[2907.32.1] or 2907.322 of the Revised Code;
 "* * *" {¶ 14} Pursuant to the above code section, violations of subsections (A)(1) or (3) of R.C. 2907.321 result in the commission of a sexually oriented offense. However, in the case sub judice, appellant was convicted of possessing obscene material involving a minor in violation of R.C. 2907.321(A)(5). A violation of this particular subsection does not result in the commission of a sexually oriented offense. The state concedes, in its brief, that the trial court erred when it classified appellant as a "sexually oriented offender."
 {¶ 15} Appellant's First Assignment of Error is sustained.
 II {¶ 16} Appellant contends, in his Second Assignment of Error, the trial court erred when it relied upon accusations of uncharged conduct, in the pre-sentence report, after defense counsel objected to the veracity of the allegations. We disagree.
 {¶ 17} Although not cited by either party, in their respective briefs, R.C. 2951.03(B)(5) addresses the procedure to be followed by the trial court where inaccuracies are alleged, by the defendant or defense counsel, in the presentence investigation report. This statute provides as follows:
 {¶ 18} "(5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
 {¶ 19} "(a) Make a finding as to the allegation;
 {¶ 20} "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."
 {¶ 21} We have reviewed the sentencing transcript of this matter. Defense counsel objected to the fact that an alleged victim is identified, in the presentence investigation report, and appellant was never charged with any crime against the alleged victim. See Sentencing Tr., Aug. 31, 2004, at 3-4, 5, 7-8, 9. Defense counsel also objected to information that appellant adopted children, from Children's Services, without informing them that he is a homosexual. Id. at 4.
 {¶ 22} Although the trial court did not follow the procedure identified in R.C. 2951.03(B)(5) when addressing the alleged inaccuracies cited by defense counsel, the trial court did indicate, on the record, that it believed the information provided by the probation officer in the presentence investigation report. Specifically, the trial court stated as follows:
 {¶ 23} "THE COURT: The offender was dishonest and uncooperative during the investigation. I don't understand why the probation officer would even suggest that if that wasn't true. They haven't done it in the past. Shows no remorse. Believe he's a threat to the community and, of course, you. Of course, you and these folks who testified here or stated here don't believe that." Id. at 15.
 {¶ 24} Essentially, the trial court indicated that it believed the allegations contained in the presentence investigation report. Thus, the trial court complied with R.C. 2951.03(B)(5) by making a finding as to the allegations defense counsel challenged at the sentencing hearing. Further, even if we were to determine the trial court failed to comply with R.C. 2951.03(B)(5), we find any resulting error would be harmless. As noted by the Fourth District Court of Appeals in State v. Platz,
Washington App. No. 01CA33, 2002-Ohio-6149, at ¶ 18:
 {¶ 25} "* * * [A] failure to make the requisite findings pursuant to R.C. 2951.03(B)(5) is harmless error if `the record reflects that none of the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report.' See State v. Griffin,
supra; State v. Persons (Apr. 26, 1999), Washington App. No. 98CA19."
 {¶ 26} In the case sub judice, appellant failed to establish that the trial court specifically relied upon the alleged erroneous information contained in the presentence investigation report when it imposed sentence in this matter. The trial court did not indicate that the alleged prior misconduct influenced the sentence rendered or that it relied upon the challenged information to increase appellant's sentence. As such, any error in failing to follow R.C. 2951.03(B)(5) would be harmless because it did not affect a substantive right.
 {¶ 27} Appellant's Second Assignment of Error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed in part and reversed in part.
Wise, J., Gwin, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part and reversed in part.
Costs to be split equally between the parties.