OPINION *Page 2 
{¶ 1} Defendant-appellant Ricky Rhoades appeals his sentence on one count of possession of drugs, a fifth degree felony, entered by the Muskingum County Court of Common Pleas, via Entry filed November 21, 2006. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE[1] {¶ 2} On August 10, 2006, appellant was indicted on one count of possession of drugs (crack cocaine), in violation of R.C. 2925.11(A), a felony of the fifth degree. Appellant entered a not guilty plea to the charge. On October 2, 2006, appellant withdrew his plea and entered a guilty plea to the indictment in exchange for the State's agreement to recommend a six month prison sentence.
 {¶ 3} After a presentence investigation, the trial court conducted a sentencing hearing on November 20, 2006. Rather than following the State's recommendation, the trial court imposed the maximum twelve month prison sentence. The trial court memorialized the sentence via Entry filed November 21, 2006.
 {¶ 4} It is from that entry appellant prosecutes this appeal, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT CONSIDERING R.C. § 2929.11 AND § 2929.12.
 {¶ 6} "II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT BY FAILING TO MAKE FINDINGS PURSUANT TO R.C. § 2951.03(B)(5)." *Page 3 
 II {¶ 7} We address appellant's second assignment of error first as we find its resolution dispositive of this appeal.
 {¶ 8} R.C. 2951.03(B)(5) provides:
 {¶ 9} "If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
 {¶ 10} "(a) Make a finding as to the allegation;
 {¶ 11} "(b) Make a determination that no finding is necessary with respect to the allegation because the factual matter will not be taken into account in the sentencing of the defendant."
 {¶ 12} At the sentencing hearing the trial court stated, "While on bond awaiting sentencing, you [appellant] have not conducted yourself in a very good manner. You have been arrested again, admitted to using cocaine. You missed 7 out of 13 reporting weeks while you were out on bond . . . as such the Court cannot follow the recommendation of the State of Ohio in this case, and the court will impose a 12-month prison sentence." Sentencing Hearing Trp. at 4.
 {¶ 13} Appellant responded:
 {¶ 14} "The Defendant: No, I don't. What do you mean I used cocaine again?
 {¶ 15} "The Court: When you were arrested on November the 17th of this year, you stated to the officers who arrested you that you had been using cocaine. *Page 4 
 {¶ 16} "The Defendant: I said I had a drug problem. I didn't say I was using cocaine.
 {¶ 17} "The Court: That's what the report I have says.
 {¶ 18} "The Defendant: I didn't say I used. I said I had a drug problem." Sentencing Hearing Trp. 5.
 {¶ 19} We find the above cited exchange clearly demonstrates appellant alleged a factual inaccuracy in his presentence investigation report which triggered the application of R.C. 2951.03(B)(5). Appellee responds by citing to this Court's opinion in State v. Williamson,2005 Ohio 3524, wherein we held ". . . although the trial court did not follow the procedure identified in R.C. 2951.03(B)(5) when addressing the alleged inaccuracies cited by defense counsel, the trial court did indicate, on the record, that it believed the information provided by the probation officer in the presentence investigation report." Id at para. 22. We found, "Essentially, the trial court indicated that it believed the allegations contained in the presentence investigation report", citing the trial court's statement, `I don't understand why the probation officer would even suggest that if that wasn't true. They haven't done it in the past'. Id at para. 24 and 23, respectively. No such indication of belief by the trial court exists in the case sub judice. The trial court only notes, "That's what the report I have says." We do not believe mere reference to the report is sufficient to constitute a finding as to the accuracy of the allegation.[2] *Page 5 
 {¶ 20} Given the trial court's clear reference to appellant's disputed admission of using cocaine when pronouncing sentence, as noted supra, we cannot conclude the trial court did not take such into account during sentencing. Therefore, we conclude the error was not harmless in this case.
 {¶ 21} For the foregoing reasons, we sustain appellant second assignment of error.
 I {¶ 22} In light of our disposition of appellant's second assignment of error, we find the first assignment of error moot as being premature.
 {¶ 23} The sentence of the Muskingum County Court of Common Pleas is vacated and the case remanded to that court for resentencing.
 Hoffman, J., Gwin, P.J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reason set forth in our accompanying Memorandum-Opinion, the November 21, 2006 Entry of the Muskingum County Court of Common Pleas is vacated and this case is remanded to that court for resentencing. Costs assessed to appellee.
[1] A Statement of the Facts underlying the charge is unnecessary for our disposition of this appeal.
[2] Although not raised in the briefs as the issue is not yet ripe for review, it would appear any judicial fact finding required under R.C.2951.03(B)(5) would run afoul of the United States Supreme Court's holding in Blakely v. Washington (2004) 542 U.S. 296. *Page 1