{¶ 65} For the following reasons, I dissent in part and concur in part with the majority opinion.
 {¶ 66} R.C. 2951.03(B)(5) provides:
 {¶ 67} "(5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the *Page 14 
report, the court shall do either of the following with respect to each alleged factual inaccuracy:
 {¶ 68} "(a) Make a finding as to the allegation;
 {¶ 69} "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."
 {¶ 70} At the sentencing hearing, appellant's counsel expressly stated that appellant did not agree with the YPD records and took issue with the facts set out regarding the offenses. (Tr. 11-13). He also argued that because appellant did not plead guilty to crimes involving physical harm or threats of physical harm, such factors could not be considered against him. (Tr. 12-13).
 {¶ 71} The PSI includes details of the offenses as given by YPD reports. The PSI also includes a form labeled "Mahoning County Probation Department." It includes a list of seriousness/amenability factors and several of the factors are checked off.
 {¶ 72} Two Fifth District cases provide guidance in this case.
 {¶ 73} First, in State v. Rhoades, 5th Dist. No. CT2006-0085,2007-Ohio-1826, the defendant pleaded guilty to one count of possession of drugs in exchange for the state's recommendation of a six-month prison sentence. The trial court, after reviewing a PSI, imposed a maximum 12-month sentence on the defendant. Prior to doing so, the court commented to the defendant that while awaiting sentencing, he had not conducted himself properly. It stated that the defendant had been arrested, used cocaine, and had not reported to authorities as he was supposed to. The defendant disputed the statement that he had used cocaine.
 {¶ 74} On appeal, the defendant argued that the trial court failed to comply with R.C. 2951.03(B)(5). The Fifth District agreed. It concluded that the trial court never made a finding as required by the statute once the defendant raised an inaccuracy with the facts in his PSI. Id. at ¶ 19. The court stated that "mere reference" to what the report stated was not sufficient to constitute a finding as to the accuracy of the allegation. Id. The court went on to conclude that because the trial court referred to the defendant's disputed admission of using cocaine when pronouncing sentence, it *Page 15 
could not conclude the trial court did not take this fact into account during sentencing. Id. at ¶ 20. Thus, the court determined that the error in failing to comply with R.C. 2951.03(B)(5) was not harmless. Id. It reversed the defendant's sentence and remanded the matter for resentencing. The court also noted in a footnote: "Although not raised in the briefs as the issue is not yet ripe for review, it would appear any judicial fact finding required under R.C. 2951.03(B)(5) would run afoul of the United States Supreme Court's holding in Blakely v.Washington (2004) 542 U.S. 296." Id. at ¶ 19, fn. 2.
 {¶ 75} Later that same year, the Fifth District was faced with the case of State v. Claudill, 5 Dist. No. 06 COA 42, 2007-Ohio-6175. InClaudill, the defendant asked the trial court for an updated PSI after his case had been remanded for resentencing several times. He argued that the original PSI contained inaccurate information. The court denied this request but allowed the defendant to present mitigating information at the sentencing hearing. The PSI indicated that the defendant was not remorseful and that the victim suffered permanent injuries. The defendant stated at his sentencing hearing, however, that he was remorseful and that the victim's injuries were not as severe as originally believed. The trial court stated that it reviewed the entire record and the matters which were admitted during the course of the hearing. It then sentenced the defendant.
 {¶ 76} On appeal, the defendant argued that the trial court failed to comply with R.C. 2951.03(B)(5). The Fifth District agreed. However, it found that such error was harmless. Quoting the Fourth Appellate District, it stated:
 {¶ 77} "`* * *[A] failure to make the requisite findings pursuant to R.C. 2951.03(B)(5) is harmless error if "the record reflects that none of the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report."'" (Internal citations omitted.) Id. at ¶ 21, quoting State v. Platz, 4th Dist. No. 01 CA33, 2002-Ohio-6149, at ¶ 18.
 {¶ 78} The court found that the defendant failed to establish that the trial court specifically relied on the erroneous information contained in the PSI when it imposed sentence. Id. at ¶ 22. It noted that the trial court did not allege that the defendant's lack of remorse or the victim's injuries influenced the sentence. Id. Thus, the court *Page 16 
concluded that any error by the trial court in failing to follow R.C. 2951.03(B)(5) was harmless. Id. The court once again noted that if the trial court had made a factual finding pursuant to R.C. 2951.03(B)(5), such a finding could violate Blakely, 542 U.S. 296. Id. at ¶ 22, fn. 1.
 {¶ 79} Thus, the Fifth District set out the standard to be used in cases such as the one at bar. If the defendant asserts a factual inaccuracy in the PSI, and the trial court fails to comply with R.C. 2951.03(B)(5), the appellate court must determine whether the trial court relied on the alleged factual inaccuracy when sentencing the defendant. If the court so relied on the alleged factual inaccuracy, without making a finding as to its truth, then the sentence should be reversed and the matter remanded for resentencing. If, however, the trial court did not rely on the alleged factual inaccuracy in rendering its sentence, the failure to comply with R.C. 2951.03(B)(5) is harmless error. Furthermore, if the trial court actually did enter a finding of fact as to the alleged inaccuracy, such a finding likely violatesBlakely and the line of cases that followed.
 {¶ 80} In this case, before sentencing appellant, the court commented:
 {¶ 81} "From a legal standpoint, your lawyer is right as far as the charges that you pled to concerning the offenses of violence, but Ithink it's the court's prerogative to review the overall factualsituation, whether it was disorderly conduct or a burglary. And in reading the narrative accounts of what transpired in these incidents, and for which I might add your lawyer is very deserving of very substantial credit in getting the offenses that you were indicted for removed in your pleading to offenses involving burglary. But in reviewing the factual circumstances involved here, and in finding that this victim was hit with a brick — even of more concern to me is the fact that you have prior convictions for domestic violence. Campbell, Ohio. Campbell, Ohio. And subsequent to this one you have a domestic violence in Akron." (Tr. 17-18; Emphasis added).
 {¶ 82} And in the sentencing judgment entries, the court stated that it considered the record, the PSI, the oral statements, the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors under R.C. 2929.12. *Page 17 
 {¶ 83} Appellant took issue with the factual accounts of both incidents with which he was charged. The trial court made a finding as to one of those incidents when it stated that the victim was hit with a brick. The trial court gleaned this information from the PSI. It is evident that the court garnered this information, along with other factual information, from the PSI because it stated that it considered the "overall factual situation" after "reading the narrative accounts of what transpired in these incidents." (Tr. 18). The written narrative accounts of what transpired were only present in the PSI.
 {¶ 84} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraphs one, three, and five of the syllabus, the Ohio Supreme Court declared unconstitutional those portions of statutes that relied on judicial fact-finding as a perquisite for enhancing a defendant's prison sentence. The Court did so following the prohibition on judicial fact-finding in sentencing set out in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 85} In this case, I would find that when the trial court made a finding that the victim was hit with a brick, a fact that was never proven and was disputed by appellant, it engaged in unconstitutional judicial fact-finding in light of Apprendi, Blakely, andFoster.
 {¶ 86} Moreover, the court made no finding as to the other incident. Thus, I would find that the court failed to comply with R.C. 2951.03(B)(5). It was required by the statute to either make a finding or to make a determination that no finding was necessary because it would not consider the disputed fact in sentencing appellant. It did neither.
 {¶ 87} The court made a point of referring to the "overall factual situation" before pronouncing its sentence. It then went on to inform appellant that the thing that most concerned it, however, was the fact that appellant had three prior domestic violence convictions. It is difficult to determine from these limited statements whether the trial court actually relied on the alleged factual inaccuracies in the PSI when it decided to sentence appellant to maximum sentences or whether the court merely relied on appellant's prior convictions. *Page 18 
 {¶ 88} But because the trial court made a point of referring to the "overall factual situation" as gleaned from the PS I in addition to referring to appellant's prior convictions, I believe it is reasonable to conclude that these disputed facts played a part in convincing the court to impose maximum sentences.
 {¶ 89} The majority concludes that because the indictment contained allegations that appellant hit his victim with a brick and stabbed his victim, the court was free to consider these facts at sentencing. (Opinion at ¶ 17). While the court was free to consider the indictment, the facts set out in the PS I contained more details surrounding the two incidents that were not present in the indictment. Additionally, the majority relies on the victim's statement to the court. (Opinion at ¶ 26). But the victim's statement mostly focused on the harm to her mental health that she attributed to appellant.
 {¶ 90} In sum, I would find that the court engaged in unconstitutional judicial fact-finding as to one incident in which appellant was involved and it failed to follow R.C. 2951.03(B)(5)'s instruction as to the other incident in which appellant was involved. Therefore, I would find that appellant's sentence is contrary to law, reverse the sentence, and remand for resentencing.
 {¶ 91} Because I would find that appellant's first assignment of error has merit, I would find his remaining assignments of error moot. However, I would agree with the majority's disposition of the remaining assignments of error if I did not find them to be moot. *Page 1