[Cite as *State v. Hale*, 2014-Ohio-262.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 9-13-17

    v.

RICHARD L. HALE,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 12-CR-562

Judgment Affirmed

Date of Decision: January 27, 2014

APPEARANCES:

    *David H. Lowther* for Appellant

    *David J. Stamolis* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Richard L. Hale, appeals the Marion County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On November 21, 2012, the Marion County Grand Jury indicted Hale on 36 counts of pandering sexually oriented matters involving a minor, violations of R.C. 2907.322(A)(1) and second-degree felonies. (Doc. No. 1). Hale was indicted for creating multiple obscene photographs and videos of a minor girl from January 2009 to November 13, 2012. (*Id.*); (Bill of Particulars, Doc. No. 18). For purposes of Counts One through Six, it was alleged that Hale took six photographs of the minor girl performing fellatio on him. (Bill of Particulars, Doc. No. 18). For purposes of Counts Seven through Thirty-Six, it was alleged that Hale provided the minor girl with a video camera and money to film herself masturbating. (*Id.*).

{¶3} On November 26, 2012, Hale entered not guilty pleas. (Doc. No. 3).

{¶4} On February 12, 2013, Hale pled guilty to Counts One and Two, pursuant to a written plea agreement. (Feb. 12, 2013 Tr. at 1-2, 15-16); (Doc. No. 20). In exchange, the State dismissed the remaining 34 counts and recommended a total of 14 years of imprisonment. (*Id.* at 2); (*Id.*). The trial court accepted Hale's guilty pleas and ordered a pre-sentence investigation ("PSI") report. (Feb. 12, 2013 Tr. at 17-23).

{¶5} On March 1, 2013, the trial court sentenced Hale to seven years imprisonment on each count and ordered that Hale serve the terms consecutively for a total of 14 years. (Mar. 1, 2013 Tr. at 18). On March 5, 2013, the trial court filed its judgment entry of sentence. (Doc. No. 24).

{¶6} On March 22, 2013, Hale filed a notice of appeal. (Doc. No. 29). Hale raises three assignments of error. We will combine his second and third assignments of error for discussion.

### Assignment of Error No. I

**The trial court erred to the prejudice of the defendant-appellant by imposing a sentence that is contrary to the purposes and principles of felony sentencing.**

{¶7} In his first assignment of error, Hale argues that the trial court conducted an independent investigation into his conduct revealing facts different than those agreed to by the parties. In particular, Hale argues that, for purposes of sentencing, the parties agreed that there were no other victims in this case. Hale also argues that he disputed some of the factual statements in the PSI report, and therefore, the trial court was required to make factual findings pursuant to R.C. 2951.03(B)(5).

{¶8} R.C. 2929.19 provides, in relevant part:

(A) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of

or pleaded guilty to a felony * * *. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, *and, with the approval of the court, any other person* may present information relevant to the imposition of sentence in the case. * * *

(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, *any information presented at the hearing by any person pursuant to division (A) of this section*, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.

(Emphasis added). R.C. 2951.03(B)(5) provides:

If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:

(a) Make a finding as to the allegation;

(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

**{¶9}** Hale first argues that the trial court conducted an independent investigation of his conduct, referencing an alleged email the trial court judge sent to counsel regarding the case. The trial court judge acknowledged that he sent an email to both the prosecutor and defense counsel, copied to the PSI writer, asking the parties to clarify some factual issues at the sentencing hearing. (Mar. 1, 2013 Tr. at 14). The email was admitted into the record at the sentencing hearing as court's exhibit 1. (*Id.* at 13-14). In his February 25, 2013 email, the judge indicated that he was "carefully evaluat[ing] the defendant's conduct due to the seriousness of this case and the sentence which has been recommended." (Court's Ex. 1). The judge requested that the parties be prepared to discuss, at the sentencing hearing, the victim's age when the offenses occurred, the victim's age when Hale began photographing her, the victim's age when the sexual conduct occurred, the extent of the sexual conduct, and whether any other victims had been identified and, if so, how many. (*Id.*).

**{¶10}** Nothing in the email indicates that the trial court was investigating outside of the record, or that the trial court was seeking anything other than information related to issues it had already raised in the case. At the change of

plea hearing, the trial court asked the prosecution whether there were other photographed victims. (Feb. 12, 2013 Tr. at 5). The prosecution represented that the other photographed individuals "appear to be over the age of 18. They span -- (inaudible) -- of over maybe 30 years, Your Honor." (*Id.*). The prosecutor also represented that the 36 counts in the indictment were for the same victim, but "[t]here's other Counts that could be floating around out there with other victims. We have photographs but -- in those photographs the victims all appear to be * * * 18 years of age or older. There's no way to tell if they're under 18." (*Id.* at 18-19). Many of the other photographed individuals, according to the State, could not be identified because of the age of the photographs. (*Id.* at 20-21). The trial court also asked the prosecutor the age of the victim for purposes of the photographs underlying Counts One and Two (i.e., the victim's age when the sexual conduct occurred), and the victim's age when Hale began photographing her. (*Id.* at 7, 20).

{¶11} At the sentencing hearing, the trial court questioned the prosecution again concerning the possibility of other victims:

> THE COURT: * * * it's my understanding that, you know, you have
> a number of photographs with multiple different girls or women in a
> state of undress. There's also some information provided on that in
> the -- in the PSI --
>
> MR. STAMOLIS: Sure, Judge.

THE COURT: -- as well. I think that, you know, you weren't able to identify most of the victims or other people. It's unclear to me how many of the others were under 18 and maybe that's just unclear. I'm not --

MR. STAMOLIS: Of the -- of the photographs that were found by the Police Department, Judge, other than the ones with the victim in this case, they can't identify any of those under the age of 18.

THE COURT: Okay. When you say they can't identify * * * are they saying they're under 18 but we don't know who they are or they can't tell whether they're under 18?

MR. STAMOLIS: They can't tell whether they're under 18.

THE COURT: Okay.

MR. STAMOLIS: We've received reports of -- from some other individuals of some things that happened back in the 70's, maybe early 80's but, you know, things well past the statute that were not looked into any further by the Police Department.

THE COURT: Those people report this happened to them when they were under 18?

MR. STAMOLIS: A few people, I believe, it was two individuals reported some type of sexual abuse. Whether under the age of 18,

back in the 70's -- one of those individuals advised us some photographs were taken, you know, back in that era, and there were several other individuals that she believed were under 18 when photographs were taken. We don't have those photographs. They haven't talked to those people.

THE COURT: Okay. Thank you.

PSI WRITER: Your Honor, may I say something?

THE COURT: You may.

PSI WRITER: I saw those photographs at the Marion Police Department and I think it's fair to say that many of those girls were under the age of -- well under the age of 18. My opinion.

(Mar. 1, 2013 Tr. at 3-5). Defense counsel argued that the trial court could not consider the PSI writer's opinion concerning the age of the individuals in the other photographs. (*Id.* at 5). Defense counsel indicated that he had seen "a number of photographs," but he was not sure if he had seen the photographs to which the PSI writer and the prosecution were referring. (*Id.* at 6). Defense counsel also stated that Hale disputed the fact that any of the other photographed individuals were under 18, and the parties did not agree that there were other victims. (*Id.*). During his arguments, defense counsel also stated that the victim was 16 or 17—but not

any younger—when the offenses occurred, and the victim was at least 17 when the sexual conduct occurred. (*Id.* at 12-13).

{¶12} Based upon the record, we are not persuaded that the trial court inappropriately "conducted its own investigation"; rather, the trial court emailed both parties asking them to clarify certain relevant factual issues at the sentencing hearing. The State and defense had no agreement concerning other victims—the parties agreed only that the indictment concerned the same victim. In its statement of facts on appeal, the State specifically noted that it did not agree with Hale's assertion that none of the other photographs depicted other victims under the age of 18. (Appellee's Brief at 1). The prosecution made it clear that there could be future charges in the event other victims were identified or came forward. (Feb. 12, 2013 Tr. at 18-19). A trial court is permitted to consider evidence of other crimes—even unindicted ones—for purposes of sentencing. *See State v. Cooey*, 46 Ohio St.3d 20, 35 (1989), superseded by constitutional amendment as stated in *State v. Smith*, 80 Ohio St.3d 89 (1997). *See also State v. Burton*, 52 Ohio St.2d 21, 23 (1977) (per curiam). Furthermore, R.C. 2929.19(A)—cited by Hale— expressly permits the trial court to hear relevant information during the sentencing hearing from "any other person." Therefore, the trial court was within its discretion to listen to the PSI writer's opinion concerning the age of the other photographed individuals.

{¶13} Next, Hale argues that the trial court should have made findings pursuant to R.C. 2951.03(B), because he pointed out several factual errors in the PSI. In particular, Hale argues that the PSI "contained disputed information about other so-called victims." (Appellant's Brief at 5). The original PSI's only reference to other women Hale photographed is the following: "[d]uring the interview, the Defendant acknowledged that he has taken many photos of nude women, but all of them were over the age of 18, except [the victim]." (Feb. 20, 2013 PSI). The updated PSI—a one-page document with three pages from a police report attached thereto—has the following under the topic "Other victims":

a. The names of the victims referenced in the PSI were found with the details of the police report, both adult and adolescent. Attached are three pages from the police report, and I have highlighted the points of interest and names of other victims referenced in the PSI.

b. The extent of the Defendant's "collection" of personal photography and nude photos is massive. There are no doubt thousands of photographs in evidence at the Marion Police Department. After viewing only a small portion of those photographs, many of the girls could have easily been underage, but there is simply no way to confirm that. There were photographs that

appeared to be from different decades, i.e[.], the 1980's, the 1990's,

2000, and recent.

(Feb. 25, 2013 PSI).

{¶14} To begin, we note that neither the updated PSI nor the original PSI mentioned any other victims by name—only the police report attached to the updated PSI names other victims. We also note that neither the original PSI nor the updated PSI had any information concerning the sentencing factors. (*Compare* PSI and Updated PSI to Mar. 1, 2013 Tr. at 11, 16). That said, the trial court did not commit reversible error by failing to make factual findings under R.C. 2951.03(B)(5)(a). On the issue of other victims, the trial court specifically noted the dispute between the parties and, nevertheless, concluded that "there is certainly * * * information that suggests that, you know, at least some of those" other women were under 18. (*Id.* at 16). R.C. 2951.03(B)(5)(a) does not require the trial court to state "I make the following finding," and here it is clear that the trial court found evidence of other victims despite Hale's assertions. *See State v. Othman*, 149 Ohio App.3d 82, 2002-Ohio-4029, ¶ 22 (8th Dist.).

{¶15} Hale also argues that the trial court erred by failing to make an R.C. 2951.03(B)(5)(a) factual finding regarding the representation in the PSI that the photographs and sexual conduct occurred when the victim was under 17. (Mar. 1, 2013 Tr. at 13). We disagree. The trial court did not make any express findings

regarding the age of the victim when the photographs for Counts One and Two occurred. (*Id.* at 17). The trial court did note, however, that the photographs depicted the victim performing oral sex on Hale, which appears to have been more of a concern for the trial court. (*Id.*). Since the trial court did not rely upon the age of the victim, as much as the sexual conduct, to craft its sentence, the trial court's failure to make a finding on the victim's age is harmless. *State v. Williamson*, 5th Dist. Richland No. 04 CA 75, 2005-Ohio-3524, ¶ 24-26.

{¶16} For all these reasons, Hale's first assignment of error is overruled.

**Assignment of Error No. II**

**The trial court erred to the prejudice of the defendant-appellant by imposing consecutive sentences without making the required findings contained in R.C. 2929.14(C).**

**Assignment of Error No. III**

**The trial court erred to the prejudice of the defendant-appellant by imposing consecutive sentences without adequate justification.**

{¶17} In his second assignment of error, Hale argues that the trial court erred by failing to make findings under R.C. 2929.14(C) before imposing consecutive sentences. In his third assignment of error, Hale argues that the trial court abused its discretion by imposing a 14-year sentence after reviewing R.C. 2929.12.

{¶18} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶19} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶20} R.C. 2929.14(C)(4), as amended by H.B. 86, now requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶21} The trial court here specifically stated the following before imposing consecutive sentences:

> I will make the finding that the [consecutive] sentence is necessary to punish the offender or to protect the public from future crime. It's not disproportionate to the conduct or the danger imposed by the Defendant and that two or more offenses were committed as part of the course of conduct and the harm is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct.

(Mar. 1, 2013 Tr. at 18). The trial court incorporated these findings into its judgment entry of sentence. (Mar. 5, 2013 JE, Doc. No. 24). Therefore, the trial court made the requisite findings before imposing consecutive sentences.

**{¶22}** Next, Hale argues that the trial court's 14-year sentence was not supported by R.C. 2929.12's sentencing factors. We begin by noting that, prior to sentencing, defense counsel highlighted the relevant R.C. 2929.12 factors. (Mar. 1, 2013 Tr. at 9-13). Prior to sentencing Hale, the trial court stated that it considered the principles and purposes of sentencing as well as the statutory sentencing factors concerning seriousness and recidivism. (*Id.* at 15-16). The trial court found that Hale did not have any serious criminal record (R.C. 2929.12(D)(2), (E)(1)-(2)). (*Id.* at 16). The trial court, however, found that Hale admitted that his conduct occurred over a several-year period resulting in hundreds of sexually oriented photographs (R.C. 2929.12(B) (other factor)). (*Id.*); (PSI). The trial court also found relevant that the record contained evidence that Hale photographed other minor girls. (R.C. 2929.12(B) (other factor)). (Mar. 1, 2013 Tr. at 15-16). The trial court also noted that the victim could not consent to being photographed since she was under 18 (R.C. 2929.12(C)(1)). (*Id.*). At the same time, the trial court noted that the victim's mother may have brought the victim to Hale for photographing for money (R.C. 2929.12(C)(1), (4)). (*Id.* at 16-17). Nevertheless, the trial court observed that Hale did not only photograph the victim but engaged in sexual conduct with her. (R.C. 2929.12(B) (other factor)). (*Id.* at 17). *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 15 (trial court may consider allegations of uncharged conduct among other sentencing factors). The

trial court also found that the victim suffered serious psychological harm (R.C. 2929.12(B)(2)). (Mar. 1, 2013 Tr. at 17).

{¶23} Hale has failed to clearly and convincingly demonstrate that the trial court's 14-year sentence was not supported by the record. Hale was originally indicted on 36 second-degree felonies, each carrying a possible eight years of imprisonment, for a total possible sentence of 288 years. Hale's criminal conduct with the victim occurred over several years and included more than just photographs. Hale was providing the victim with pregnancy tests and purchased the victim a cell phone if she promised not to get pregnant before she was 16. (PSI). Hale also admitted that he put his penis into the victim's mouth "about" three times during 2012. (PSI). Hale used his friendship with the victim's family to facilitate the offenses. R.C. 2929.12(B)(6). Hale reported that the victim's brother did not like the fact that his sister was posing nude, but the victim's brother "thought it was better from [Hale] then there [sic] mom having her get it from men on the street. That was his fear and mine." (PSI). Furthermore, there was evidence to suggest that there were other victims. It is clear from the sentencing hearing that the trial court weighed the appropriate factors and reviewed the PSI when crafting its sentence.

**{¶24}** Because the trial court made R.C. 2929.14(C) findings prior to imposing consecutive sentences and the sentence is supported by the record, we overrule Hale's second and third assignments of error.

**{¶25}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J., concurs in Judgment Only.**

**/jlr**

**ROGERS, J., Concurring in Part and Dissenting in Part.**

**{¶26}** I concur with the opinion of the majority as to the second assignment of error, but I respectfully dissent in regard to the first and third assignments of error.

**{¶27}** I must first express that my position on this issue is my legal opinion and is not intended to in any way condone Appellant's actions or to minimize the seriousness of Appellant's conduct.

**{¶28}** In sentencing Appellant, the trial court stated:

> It will be my judgment to sentence the Defendant to seven years on Count 1, seven years on Count 2, run those sentences consecutively for a total sentence of 14 years.

I will make findings that the sentence is necessary to punish the offender or to protect the public from future crime. It's not disproportionate to the conduct or to the danger imposed by the Defendant and that two or more offenses were committed as part of the course of conduct *and the harm is so great or unusual* that a single prison term would not adequately reflect the seriousness of the conduct.

(Emphasis added.) Sentencing Tr., p. 18.

**{¶29}** Without question, the trial court sufficiently regurgitated the statutory language necessary to impose consecutive sentences. The trial court *found* that *the harm is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct.* However, I find that the trial court erred in imposing consecutive sentences and disagree with the majority's opinion for two reasons: (1) the trial court improperly relied on disputed information contained in the presentence investigation report when sentencing; and (2) there is no evidence that the victim's harm was great or unusual under the statutory construction of R.C. 2929.14, which limits the evidence a trial court can consider when imposing consecutive sentences.

*The Presentence Investigation Report*

**{¶30}** The majority asserts that the sentencing court, in general, may consider uncharged conduct when determining an appropriate sentence. However, this authority is not absolute. To determine whether a trial court's sentence is appropriate, an appellate court's review is limited to (1) the pre-

sentence investigation report (PSI); (2) the record from the trial court; and (3) any oral or written statements made to or by the court at the sentencing hearing. R.C. 2953.08; *accord State v. Tolliver*, 9th Dist. No. 03CA0017, 2003-Ohio-5050, ¶ 24. Indeed, the cases cited by the majority allowed evidence that would have been excluded from the record at the trial to become a part of the record of the sentencing hearing. However, "[t]he broadening of the scope of admissible evidence for sentencing hearings * * * is not unlimited but nonetheless subject to the fundamentals of due process." *State v. Bowers*, 10th Dist. Franklin No. 00AP-1453, 2001 WL 1013090 (Sept. 6, 2001). Therefore, the trial court must only consider what is properly on the record at sentencing, and cannot rely on information outside of the record. *See State v. Ford*, 3d Dist. Union No. 14-10-07, 2010-Ohio-4069, ¶ 12 (trial court properly considered uncharged conduct placed on record by testimony of police officers at sentencing); *Tolliver* at ¶ 25 (trial court properly considered uncharged crimes as they appeared in a PSI that was made a part of the record); *State v. Fisher*, 11th Dist. Lake No. 2002-L-020, 2003-Ohio-3499, ¶ 18-19 (trial court could not base sentence on belief that defendant was guilty of crime when no evidence appeared on the record to support belief). Thus, uncharged conduct may be considered as long as it becomes a part of the record at sentencing.

{¶31} A PSI may contain uncharged conduct as part of social history. *State v. Cooey*, 46 Ohio St.3d 20, 35 (1989). "[I]t is permissible for the court to consider information [contained in a PSI] concerning a defendant's previous criminal history including uncharged *yet undisputed* conduct." (Emphasis added.) *State v. Steward*, 4th Dist. Washington No. 02CA43, 2003-Ohio-4082, ¶ 26. Under R.C. 2951.03(B)(5), a defendant has an opportunity to object to the information contained within the PSI:

> (5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
>
> (a)  Make a finding as to the allegation;
>
> (b)  Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

{¶32} Once the defendant informs the court of the alleged inaccuracies in the report, it creates "an affirmative duty on the trial court to make a finding regarding the objection in accordance with [the statute]." *State v. Swihart*, 3d Dist. No. 14-12-25, 2013-Ohio-4645, ¶ 63. When a trial court fails to make a finding as required by the statute but still relies on the disputed parts of the PSI during sentencing, the sentence is improper and must be vacated and remanded for

resentencing.[1]  *Id.*; *see also State v. Rhoades*, 5th Dist. Muskingum No. CT2006-0085, 2007-Ohio-1826, ¶ 20 (trial court relying on disputed admission contained in PSI during sentencing required reversal); *State v. Jackson*, 6th Dist. No. E-00-023, 2001 WL 311256 (Mar. 30, 2001) (trial court relying on disputed criminal record contained in PSI during sentencing required reversal).

**{¶33}** At the sentencing hearing, there was no victim impact statement, nor was any additional evidence presented by the prosecutor in the form of witnesses. The information regarding the alleged uncharged conduct perpetrated against other victims was contained in the PSI.  This is revealed on the record, as the trial court discusses with the prosecution:

> TRIAL COURT: I mean, we've discussed this before and it's my understanding that, you know, you have number [sic] of photographs with multiple different girls or women in a state of undress.  There's also some information provided on that in the – in the PSI –
>
> PROSECUTION: Sure, Judge.
>
> TRIAL COURT: – as well.  I think that, you know, you weren't able to identify most of the victims or other people.  It's unclear to me how many of the others were under 18 and maybe that's just unclear. I'm not –

---

[1] Some courts have found that failure to make the requisite finding is harmless error, so long as the trial court's findings or considerations would not be affected by the alleged inaccuracies.  *See, e.g. State v. Williams*, 5th Dist. No. 04 CA 75, 2005-Ohio-3524, ¶ 25.  However, this court has not addressed whether the harmless error analysis is proper when a trial court fails to make the requisite findings.  *See Swihart* at f.n. 6.  Further, without the PSI, there is no basis from which to impose consecutive sentences, as no additional evidence was produced during the sentencing hearing.

PROSECUTION: Of the – of the photographs that were found by the Police Department Judge, other than the ones with the victim in this case, they can't identify any of those under the age of 18.

\* \* \*

PROSECUTION: We received reports of – from some other individuals of some things that happened back in the 70's, maybe early 80's but, you know, things well past the statute that were not looked into any further by the Police Department.

TRIAL COURT: Those people report this happened to them when they were under 18?

PROSECUTION: A few people, I believe, it was two individuals reported some type of sexual abuse. Whether under the age of 18, back in the 70's – one of those individuals advised us some photographs were taken, you know, back in that era, and there were several other individuals that she believed were under 18 when photographs were taken. We don't have those photographs. They haven't talked to those people.

Sentencing Tr., p. 3-5. All of the information referred to by the prosecution is contained in the PSI, and the PSI is specifically discussed by the trial judge as the source of the information.

{¶34} Later, Defense Counsel makes a series of objections to the information in the PSI. As to the age of any other alleged victims, Defense Counsel stated:

DEFENSE COUNSEL: I have a couple issues, Your Honor, may it please the Court on behalf of Mr. Hale. Number one, I guess I would start with the comments of the PSI writer forming some opinion as to the age of some of the individuals in the photographs. I don't believe that's appropriate. I don't believe that individual

would have certainly the qualifications to identify the age of an individual in a photograph.

\* \* \*

DEFENSE COUNSEL: [W]e absolutely dispute that any of those individuals were under the age of 18. There is absolutely no agreement that there are any other victims. These individuals that were photographed were photographed with their consent.

\* \* \*

DEFENSE COUNSEL: My concern is that the PSI writer is relying on mother's statements [sic]. You made no attempt to contact this individual at issue here who is now very close of being age –

\* \* \*

PROSECUTION: Your Honor, if I may? [I]'m sorry, I've spoken with K.S. I know the PSI writer attempted to make contact with K.S. and the mother would not make the child available to the PSI writer.

\* \* \*

DEFENSE COUNSEL: None of that information really is contained in the record. And what I'm concerned about is is [sic] that we are assuming facts in this case that we, as in representing my client, we dispute those facts. We dispute that there were any other victims.

Sentencing Tr., p. 5-6, 8-9.

**{¶35}** It is clear from the record that Hale's counsel repeatedly objected to the use of the PSI as it contained factual inaccuracies. However, the trial court never made a finding regarding the alleged factual inaccuracy, nor did it state that

it was ignoring the disputed information for the purposes of sentencing. To the contrary, the trial court, in referencing the PSI, specifically stated:

> And certainly there's things that, you know, there's some objective and subjective, you know, elements in [the PSI] and people are free to agree or disagree with it. But it – but I think is – it does reflect appropriate things that need to be considered. Now, we may weigh those differently, and evaluate differently * * *.
>
> * * *
>
> I think the dispute is to what extent any of those women were under the age of, you know, of 18. There is – there is certainly a, you know, information that suggests that, you know, at least some of those were as well. *Maybe not conclusive but we certainly have information to suggest that*.

(Emphasis added.) *Id.* at 14, 16. Here, the court acknowledged that there was a disagreement over the allegations of uncharged conduct contained in the PSI, but it never made a finding regarding the alleged factual inaccuracies. Further, it is clear from the repeated references to the PSI that the court relied on the information contained in the report when sentencing Hale.

{¶36} As the trial court never made a finding on the disputed allegations contained in the PSI, but referenced the disputed allegations when sentencing Hale, it is reversible error. I would remand this matter back to the trial court for resentencing to make the appropriate findings as to the disputed allegations.

*Statutory Construction of R.C. 2929.14(C)(4)*

**{¶37}** Even if the trial court had made the appropriate findings regarding the PSI, there is still no evidence in the record to support the trial court's imposition of consecutive sentences. While the court is allowed to admit evidence at sentencing that would be excluded at trial, the amount of evidence the trial court can rely on for the sentence in general is severely limited under the plain meaning of R.C. 2929.14(C)(4). The statute allows the imposition of consecutive sentences when the trial court:

> finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

R.C. 2929.14(C)(4). Determining whether the offender poses a threat to the public, requires punishment, and that the punishment is not disproportionate to the crime is similar to the trial court's consideration of recidivism and the purposes of sentencing in general, and as a result there is no limitation on the types of evidence on the record that the court may consider for those purposes.

**{¶38}** However, the statute states that the court must make an additional finding. *Id.* One of the possible additional findings is that:

> [a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any

> of the courses of conduct adequately reflects the seriousness of the offender's conduct.

*Id.* This is the finding that the trial court purported to make when it sentenced Hale to two consecutive sentences.

**{¶39}** As this court has stated:

> A basic rule of statutory construction requires that words in statutes should not be construed to be redundant, nor should any words be ignored. Statutory language must be construed as a whole and given such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.

(Citations omitted.) *State v. Stults*, 195 Ohio App.3d 488, 2011-Ohio-4328, ¶ 18 (3rd Dist.). As a result, each finding required by the statute must be separate and distinct. A reading that makes any two findings substantially similar should be rejected by the court over a reading that would give effect to every word and clause.

**{¶40}** A plain reading of the statute requires that the two offenses were part of a course of conduct and that the harm caused, as a result of the course of conduct the offender is being sentenced for, was so great or unusual that consecutive sentences are necessary. Further, this is a separate and distinct finding from whether the offender represents a danger to society or must otherwise be punished. In other words, the defendant's criminal history is irrelevant as to

whether the offenses created a course of conduct, otherwise these two findings would be the same inquiry.

{¶41} Instead, the statute must mean that the course of conduct is limited to the offenses that the defendant is being convicted of, not of a general course of conduct. This does not limit what can be admitted on the record, instead it limits what can be considered when making this determination. As a result, the trial court could only consider whether the two offenses that Hale pleaded guilty to created a course of conduct that resulted in a great or unusual harm. The pictures of the other girls cannot be a part of this finding, as they do not relate to the course of conduct of the offenses for which Hale is being convicted.

{¶42} With this limitation in mind, the trial court can only consider how these two specific offenses created a great or unusual harm against the single victim. It is apparent that the trial court was offended by the nature of the activity between Appellant and the victim.

> I mean, you know, the ramification of this type of, you know, activity, you know, it's difficult to quantify, difficult to even, you know, even understand. So I mean, I would, you know, I, you know, I think the record is more than sufficient in terms of serious, you know emotional, you know, injury as far as that –that goes.

Sentencing Tr., p. 17. The trial court assumes that the victim endured psychological harm. As Defense Counsel pointed out, "[t]here was some assumption that this victim had serious physical harm or serious mental harm.

And there's absolutely no facts in the record that support a conclusion that the – the victim suffered some injury that would make this more serious than not." *Id.* at 11. "Again, we have many conclusions that are being drawn or assumptions that are being made and again, we have no basis for those, no support for those either in the court record * * *." *Id.* at 13.

{¶43} The trial court is going outside of the record to state that it is obvious that there was trauma in this case as a result of the nature of the crime being charged. The trial court did reference the fact that when the victim first reported this case to people at her school "[s]he's crying, she needed help, turn her life around." *Id.* at 17. However, the victim also acknowledged using drugs and her mother selling and using drugs. There is nothing in the record to suggest that the conduct Appellant is being convicted of caused more problems than her home life with her mother. Further, although requested, there is no victim impact statement, let alone one alleging emotional distress as a result of this conduct. There is no suggestion that this activity has led to counseling, or any specific emotional complications. The court cannot assume the evidence exists; it must be on the record.

{¶44} The trial court also found that the sexual conduct between the victim and the Appellant was relevant. The fact that there was sexual conduct between the victim and Appellant is not a proper justification for consecutive sentences

because she insists that it did not happen until after her sixteenth birthday, which means consensual sex between them is not a criminal offense. Further, the statute necessarily requires that the minor child be participating in sexual activity. R.C. 2907.322(A)(1). The court cannot say that by simply violating the statute the harm is automatically great or unusual. Arguably, had the defendant distributed the sexually explicit material, it could have caused *great or unusual harm*. Since there is no indication that Appellant ever shared the photographs or videos with any other person, we do not consider the argument.

{¶45} While the conduct of Appellant may be reprehensible, there is nothing in the record to warrant the trial court's finding that the victim suffered serious psychological harm, or to justify the finding that the harm was so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct. The trial court assumed that the incidents caused great or unusual harm, without any justification on the record as to how these two offenses caused that great or unusual harm. Without more than the usual harm caused by such conduct, or greater harm than is typical, I cannot support affirmance of the consecutive sentence in this case.

{¶46} The record clearly and convincingly demonstrates that the trial court's sentence was based on matters it was not authorized to consider, and that the trial court made a finding that, while mechanically correct, is not supported by

the record. Therefore, the imposition of consecutive sentences in this case was contrary to law and an abuse of discretion.

/jlr