OPINION
{¶ 1} Defendant-appellant, Joshua Hibbard, appeals the decision of the Butler County Court of Common Pleas sentencing him to six years in prison for felonious assault. We affirm the common pleas court's decision.
 {¶ 2} In December 2001, appellant was indicted on one count of murder and one count of felonious assault. Both counts included firearm specifications. After a jury trial, appellant was acquitted of murder, but convicted of felonious assault. The common pleas court sentenced appellant to six years in prison for the felonious assault conviction, consecutive to three years for the firearm specification.
 {¶ 3} On appeal, this court affirmed appellant's conviction, but reversed the common pleas court's sentencing determination. This court remanded the case for re-sentencing in accordance with State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. On remand, the common pleas court again sentenced appellant to six years in prison for the felonious assault conviction, consecutive to three years for the firearm specification. Appellant now appeals that decision, assigning three errors. Appellant also filed one supplemental assignment of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The sentence imposed by the court violates the appellant's right to due process, is contrary to sentencing statutes, and is contra to Townsend v. Burke and United States v. Tucker."
 {¶ 6} In this assignment of error, appellant argues that the common pleas court erred by considering erroneous information contained in the presentence investigation report ("PSI"). Specifically, appellant argues that the court considered information about charges that were withdrawn, dismissed, or merged with other charges.
 {¶ 7} The two United States Supreme Court cases cited by appellant are distinguishable. In Townsend v. Burke (1948), 334 U.S. 736, 68 S.Ct. 1252, the court found a due process violation where the sentencing court recited offenses at the sentencing hearing of which appellant had been acquitted as if appellant had been convicted of those offenses. In UnitedStates v. Tucker (1972), 404 U.S. 443, 92 S.Ct. 589, the court found a due process violation where the sentencing court considered several convictions that were later vacated because of right to counsel violations.
 {¶ 8} In this case, the common pleas court did not consider vacated convictions, nor did it consider charges or acquittals as if they were convictions. The court reviewed the PSI and noted on the record at the sentencing hearing the specific charges that had been dismissed, withdrawn, or merged with other charges. The court also noted the long list of charges that resulted in convictions. The common pleas court was aware of appellant's entire criminal history and sentenced him accordingly. We cannot say that appellant was "sentenced on the basis of assumptions concerning his criminal record which were materially untrue."Townsend, 334 U.S. at 741.
 {¶ 9} After reviewing the record, we find no statutory or due process violations. Accordingly, we overrule appellant's first assignment of error.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "The court erred in imposition of a more than the minimum sentence on the felonious assault conviction and a sentence of 6 years was not appropriate for this offense."
 {¶ 12} In this assignment of error, appellant argues that the common pleas court again failed to comply with Comer, and that the record does not support the sentence given.
 {¶ 13} We find that the common pleas court complied with Comer by making the necessary findings before imposing a sentence greater than the minimum. Pursuant to Comer and R.C. 2929.14(B), the court stated on the record at the sentencing hearing that the shortest prison term would "demean the seriousness of the defendant's conduct," and would "not adequately protect the public from future crime." See Comer,
99 Ohio St.3d at paragraph two of the syllabus. The common pleas court was not required to set forth the reasons for those findings. Comer at ¶ 26, fn. 2.
 {¶ 14} We also find that the common pleas court's decision to impose a sentence greater than the minimum is supported by the record. Appellant's sentence of six years was within the statutorily authorized range of two to eight years. Given all the evidence in the record, especially the serious harm caused to the victim, and appellant's criminal history, we cannot say that the common pleas court erred. Accordingly, we overrule appellant's second assignment of error.
 {¶ 15} Assignment of Error No. 3:
 {¶ 16} "The court erred in sentencing the appellant by failing to make findings pursuant to R.C. 2951.03(B)(5)."
 {¶ 17} R.C. 2951.03(B)(5) states as follows:
 {¶ 18} "If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
 {¶ 19} "(a) Make a finding as to the allegation;
 {¶ 20} "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."
 {¶ 21} The record does not show that appellant alleged a "factual inaccuracy" with respect to the PSI. Appellant argued to the common pleas court that the court should not consider charges that were withdrawn, dismissed, or merged in determining his sentence. However, appellant did not question the factual accuracy of specific information within the PSI. Therefore, the court was not required to make a finding pursuant to R.C. 2951.03(B)(5). Accordingly, we overrule appellant's third assignment of error.
 {¶ 22} Supplemental Assignment of Error:
 {¶ 23} "The trial court erred when it sentenced appellant to a prison sentence and a non-minimum prison sentence based on facts not found by the jury."
 {¶ 24} In his supplemental assignment of error, appellant argues that the common pleas court violated his Sixth Amendment right to a jury trial by sentencing him based upon facts not found by a jury. In support of this argument, appellant cites the recent decision of Blakely v.Washington (2004), 542 U.S. ___, 124 S.Ct. 2531.
 {¶ 25} We overrule appellant's supplemental assignment of error for the reasons stated in State v. Berry, Butler App. No. CA2003-02-053,2004-Ohio-6027. As explained in Berry at ¶ 48, Blakely does not apply to Ohio's sentencing scheme. Accordingly, appellant's supplemental assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Valen, J., concur.