OPINION
{¶ 1} Defendant-appellant, Drew Potter, appeals the sentence imposed by the Fayette County Court of Common Pleas after pleading guilty to arson and breaking and entering.
 {¶ 2} Potter was indicted on one count each of arson, a fourth-degree felony in violation of R.C. 2903.03(A)(1), and breaking and entering, a fifth-degree felony in violation of R.C.2911.13. Despite the state's recommendation for the imposition of community control sanctions, the trial court sentenced Potter, who had no prior felony convictions and had never served a prison term, to the maximum term of imprisonment on each charge and ordered the terms to be served consecutively.
 {¶ 3} In a single assignment of error, Potter claims that the trial court erred by imposing a prison term based upon facts not found by the jury or admitted as part of the plea. Potter argues that the trial court had no authority to sentence him to prison terms or to impose either more than the minimum term or consecutive prison terms absent jury findings under the appropriate statutory provisions.[1]
 {¶ 4} In support of his position, appellant cites the recent Supreme Court decision of Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. However, this court has already determined that Blakely does not apply to Ohio's sentencing scheme and does not require a jury to make certain factual findings pursuant to relevant statutory sections prior to the imposition of sentence. State v. Hibbard, Butler App. No. CA2004-01-018, 2004-Ohio-7138; State v. Berry, Butler App. No. CA2003-02-053, 2004-Ohio-6027. See, also, State ex rel. Nathanv. Griffin, 104 Ohio St.3d 279, 2004-Ohio-6384 (under Ohio's sentencing laws, the court, not a jury, is vested with the exclusive responsibility to make factual findings concerning sentencing determinations).
 {¶ 5} On the basis of this court's holdings in Hibbard andBerry, we conclude that appellant was properly sentenced. The jury was not constitutionally required to make any additional findings. Appellant's sole assignment of error is overruled and the trial court's judgment is affirmed.
Young, P.J., and Valen, J., concur.
[1] A prison term can be imposed for fourth-degree or fifth-degree felony offenses only if community control sanctions are not consistent with the purposes and principles of sentencing. R.C. 2929.13(B)(2)(b). In addition, the shortest prison term is required in this particular case unless it is found that the shortest term demeans the seriousness of the offense or does not adequately protect the public. R.C.2929.14(B). Likewise, the maximum or longest prison term can only be imposed if it is found that the offender committed the worst form of the offense or posed the greatest likelihood of committing future crimes. R.C. 2929.14(C). Finally, consecutive sentences may only be imposed if it is determined that such are necessary to protect the public and punish the offender, they are not disproportionate to the offender's conduct and, as in this case, the offender's criminal history shows that consecutive terms are needed to protect the public. R.C. 2929.14(E)(3). Potter does not argue that these findings were not made in the case at bar, but submits that absent an admission as part of the plea, the trial court may not impose the sentence it did unless a jury makes these statutory factual findings.