OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of John E. Ellison, filed August 6, 2007. On December 8, 2006, Ellison was indicted as follows: count one, trafficking *Page 2 
in marijuana, in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; counts two, four and six, possession of criminal tools, in violation of R.C. 2923.24(A), felonies of the fifth degree; count three, trafficking in marijuana, a felony of the third degree; and count five, trafficking in cocaine, in violation of R.C. 2925.03(A)(1), a felony of the third degree.
 {¶ 2} On January 5, 2007, Ellison pled not guilty. On April 6, 2007, Ellison pled guilty to all charges, and the trial court sentenced him as follows: 10 months each on counts one, two, four and six; two years on count three; three years on count five, with counts three and four to be served consecutively to each other but concurrently to all other counts, for a total term of five years.
 {¶ 3} Ellison asserts two assignments of error. His first assignment of error is as follows:
 {¶ 4} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION."
 {¶ 5} According to Ellison, at the sentencing hearing, his counsel "indicated to the judge that there were factual inaccuracies in the pre-sentence investigative report. These inaccuracies, while pointed out to the court, were never acted upon by Mr. Ellison's counsel. It is submitted that counsel, who was obviously well aware of the inaccuracies, and felt them important enough to point out * * *, should have also immediately moved for a continuance in an attempt to correct the mistakes." Ellison argues, a "reasonable fact finder could infer that his sentence was enhanced based on the erroneous pre-sentence investigation and report."
 {¶ 6} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 *Page 3 
S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio inState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.Strickland, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). State v. Mitchell, Montgomery App. No. 21957, 2008-Ohio-493.
 {¶ 7} At the sentencing hearing, Ellison's counsel spoke on his client's behalf, noting that a confidential informant contacted Ellison three or four times, asking him to obtain first some marijuana and then some cocaine for him. Counsel noted that Ellison did not have the drugs in his possession, and he further noted that Ellison did not have a prior history of drug offenses, although he had been in prison for felonious assault. According to Ellison's counsel, Ellison, "being an intelligent fellow and understanding the evidence, entered a plea of guilty. So I respectfully disagree with Probation's position that he hasn't honed up to his offense.
 {¶ 8} "I think in his very short statement he basically, which was only five or six lines long when you type it out, it's not exactly a novel, but it's very accurate, and he's not what you would call an emotional fellow and he's not exactly James Joyce either, but the point was certainly gotten across, and I would suggest that where we are in his life, is, he is employed, he *Page 4 
does have a child, admittedly an emancipated child, but I would ask the Court to take all of that into consideration and understand the case for what it is, which was a fellow who was trying to work off a case who invited my client to do something that was wrong and he was silly enough to do it for the first time in his life in terms of drugs."
 {¶ 9} In sentencing Ellison, the Court indicated the factors it considered in arriving at his sentence as follows: "The Court must consider certain factors, including recidivism considerations which is the likelihood of the individual to commit future offenses, present or not present.
 {¶ 10} "In weighing those factors, I've come to the conclusion that, unfortunately, in your world, I find that there is a great likelihood of recidivism for certain types of offenses.
 {¶ 11} "It's interesting that your Counsel points out this is your very first drug offense in the form of trafficking. However, you were readily able to find an eight ball of cocaine, which means something to the Court, despite the fact of a lack of prior history. You did something that many people on the street probably can't easily do.
 {¶ 12} "* * *
 {¶ 13} "* * * You also committed this offense while you were on probation, * * * . It pretty much tells me that you don't overly respect the authority of the Court * * * and that strongly gives this Court an indication of the likelihood that you're going to commit future offenses." The Court further noted that Ellison "spent eight years in prison for Felonious Assault, the purpose of which should have been some indication to you that when you get involved in criminal activity there's a consequence to it, and somewhere along the line this wasn't anything that seemed to dissuade you from that type of behavior and activity. *Page 5 
 {¶ 14} "And so those factors weigh heavily in my mind that there is a very strong likelihood that you will commit future offenses."
 {¶ 15} In terms of the seriousness of the offense, the Court noted, "drug trafficking in any form, for whomever, for whatever reason, is truly an evil in our community. It's a serious matter which effects [sic] virtually every felony case we have here, and purveyors of those types of substances under these circumstances create no sympathy in this case."
 {¶ 16} Regarding the pre-sentence investigative report, the Court noted, the "Probation Department, * * * indicates that when you first arrived for your interview you had not completed your questionnaire as this Court has requested you to do in a prompt and honest and complete fashion.
 {¶ 17} "When you returned, you still had not fully completed your questionnaire and the Probation Officer had you take time to fill that questionnaire out before you could even conduct the interview.
 {¶ 18} "And while he says you were pleasant during your interview, he felt that you were not very forthcoming with information or exhibiting signs of remorse for this offense, and it could be just your personality is very reserved, as your Counsel has very aptly pointed out.
 {¶ 19} "But he also indicated you were not forthcoming with respect to your past criminal history. * * *"
 {¶ 20} When given an opportunity to speak, Ellison stated that he was forthcoming during the pre-sentence investigation. According to Ellision, he "was running late the first day I came here, and I forgot. I drove my girl's car down here, and my paperwork was in * * * my car." Ellison further stated, "how would I try to hide information about my * * * criminal past *Page 6 
when I know it's all in the computer? That makes no sense, because how could I not tell you when I know all you've got to do is go to the computer and it comes up, it comes up what I've done? So it makes no sense to me for me not to tell you what you've already got in front of your face." It is evident from these remarks that Ellison did not dispute that he appeared without the questionnaire.
 {¶ 21} Having thoroughly reviewed the record, we cannot say that Ellison's counsel's representation fell below an objective standard of reasonableness. Counsel argued for a lighter sentence, since Ellison had no prior history of drug offenses, and he attributed Ellison's limited written statement to his reserved nature. Nor did Ellison deny that he appeared for the interview unprepared. There was accordingly no reason to move for a continuance, but even if counsel's failure to move for a continuance was deficient, Ellison suffered no prejudice, since his lack of forthcomingness is a subjective determination and not an objective fact that if incorrect must be corrected. Since Ellison did not receive ineffective assistance of counsel, his first assignment of error is overruled.
 {¶ 22} Ellison's second assignment of error is as follows:
 {¶ 23} "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ACT UPON INACCURACIES IN THE PRE-SENTENCE INVESTIGATION REPORT."
 {¶ 24} "The appellate standard of review when reviewing a felony sentence is abuse of discretion. Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the range permitted by the applicable statute." State v. Bailum, Clark App. No. 2007-CA-55, 2008-Ohio-2999.
 {¶ 25} Ellison argues that we should "adopt the view taken in the Federal Rules of *Page 7 
Criminal Procedure, as examined in U.S. v. Rone (1984),743 F.2d 1169." Fed.R.Crim.P. 32(i)(3)(B), (incorrectly cited by Ellison as Fed.R. Crim P. 32(c)(3)(D)), requires the court, when confronted with alleged inaccuracies in a presentence investigation report, to "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."
 {¶ 26} The State in turn cites R.C. 2951.03(B)(5), which provides, "If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
 {¶ 27} "(a) Make a finding as to the allegation;
 {¶ 28} "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."
 {¶ 29} While the Federal Rule and R.C. 2951.03(B)(5) are nearly identical, as the State points out, R.C. 2951.03(B)(5) applies to Ellison's sentencing.
 {¶ 30} Because there were no factual inaccuracies to correct, the trial court was not required to proceed under R.C. 2951.03(B)(5). The record establishes that Ellison's purported lack of forthcomingness was not an objective fact that required any correction. The trial court properly considered the risk of recidivism and the seriousness of Ellison's trafficking offenses. Any time the probation department makes a subjective determination it does not require fact-finding nor correction by the trial judge as it cannot form the basis of an assigned error at *Page 8 
sentencing. There being no abuse of discretion, Ellison's second assignment of error is overruled. Judgment affirmed.
 BROGAN, J. and GRADY, J., concur. *Page 1