[Cite as *State v. Runyon*, 2024-Ohio-5039.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TIMOTHY MICHAEL RUNYON,

    DEFENDANT-APPELLANT.

CASE NO. 14-24-21

O P I N I O N

Appeal from Union County Common Pleas Court
Trial Court No. 2022-CR-0149

**Judgment Affirmed**

**Date of Decision:  October 21, 2024**

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

    *Andrew M. Bigler* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Timothy Michael Runyon ("Runyon"), appeals the February 8, 2024 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On July 8, 2022, the Union County Grand Jury indicted Runyon on Count One of rape in violation of R.C. 2907.02(A)(2), (B), a first-degree felony, and Count Two of sexual battery in violation of R.C. 2907.03(A)(5), (B) a third-degree felony.[1] On July 20, 2022, Runyon appeared for arraignment and entered pleas of not guilty to the indictment.

{¶3} On September 26, 2023, Runyon withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to an amended indictment. In exchange for his change of pleas, the State agreed to amend Counts One and Two to gross sexual imposition in violation of R.C. 2907.05(A)(1), (C)(1), both being fourth-degree felonies. The trial court accepted Runyon's guilty pleas, found him guilty, and ordered a pre-sentence investigation.

{¶4} Following a delay to his sentencing, the trial court sentenced Runyon on February 9, 2024 to 18 months in prison on Counts One and Two, respectively. (Doc. No. 81). The trial court ordered Runyon to serve the prison terms

---

[1] On July 20, 2022, the State filed a motion to amend the indictment to correct a clerical error, which the trial court granted the next day.

consecutively for an aggregate sentence of 36 months in prison. Further, the trial court classified Runyon as a Tier I sex offender.

{¶5} On March 6, 2024, Runyon filed his notice of appeal. He raises two assignment of error for our review.

## First Assignment of Error

**The Trial Court Erred When It Sentenced Appellant To Maximum Sentences On Two Counts And Further Erred When It Ordered The Sentences Were To Be Served Consecutive.**

## Second Assignment of Error

**The Trial Court Committed Reversible Error When It Failed To Inquire Into The Questions Appellant Raised Regarding The Content Of The Presentence Investigation Report.**

{¶6} In his assignments of error, Runyon challenges the sentence imposed by the trial court. In particular, in his first assignment of error, Runyon argues that the trial court erred by imposing maximum, consecutive sentences. Runyon specifically argues in his second assignment of error that the trial court erred by relying on the PSI when fashioning his sentence.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When

reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶8} We will begin by addressing Runyon's argument the trial court erred by imposing maximum sentences. Generally, "[i]t is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 2016-Ohio-5554, ¶ 29 (3d Dist.), citing *State v. Dixon*, 2016-Ohio-2882, ¶ 14 (2d Dist.) ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 2015-Ohio-4907, ¶ 9 (8th Dist.) ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 10 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d

Dist.). Here, as a fourth-degree felony, gross sexual imposition, carries a non-mandatory, definite sanction of 6-months to 18-months of imprisonment. R.C. 2907.05(A)(1), (C)(1), 2929.14(A)(4).

{¶9} "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 2011-Ohio-2791, ¶ 15 (8th Dist.). Because the trial court sentenced Runyon to 18 months in prison as to his gross-sexual-imposition convictions, the trial court's sentence falls within the statutory range.

{¶10} When imposing a sentence for a felony offense, trial courts must consider R.C. 2929.11 and 2929.12. R.C. 2929.11 provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact

upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

{¶11} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.).

{¶12} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32 (3d Dist.).

{¶13} Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶14} At Runyon's sentencing hearing and in its sentencing entry, the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. (Feb. 8, 2024 Tr. at 15); (Doc. No. 81). Nevertheless, Runyon argues that the record does not clearly and convincingly support the trial court's findings under the sentencing guidelines because the trial court's "sentence does not address or provide any serious programming to help [him] with issues he has." (Appellant's Brief at 4). In other words, Runyon disagrees with the trial court's application of the sentencing guidelines to the facts and circumstances of his case. *Compare State v. Reed*, 2021-Ohio-1623, ¶ 17 (3d Dist.) (resolving that "Reed simply disagrees with the trial court's application of these factors to the facts and circumstances of his case").

{¶15} Importantly, the Supreme Court of Ohio has directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence if "we 'clearly and convincingly find[ ] that "the record does not support the sentencing court's findings under" *certain specified statutory provisions*.'" (Emphasis added.) *State v. Smith*, 2022-Ohio-2565, ¶ 9 (1st Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 28, quoting R.C. 2953.08(G)(2)(a). Indeed, "R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Jones* at ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does

not support the trial court's findings under R.C. 2929.11. *See Reed* at ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶16} Since the record demonstrates that the prison terms imposed by the trial court in this case are within the statutory rage and that the trial court considered the statutory factors in R.C. 2929.11 and 2929.12 when fashioning his sentence, Runyon's sentence is not contrary to law. *Accord id.* at ¶ 20. Even so, Runyon argues in his second assignment of error that "[t]he trial court erred in relying on and being influenced by the recommendations made by the PSI investigator and when it failed to give [him] adequate time to present evidence contrary to the representations in the report." (Appellant's Brief at 7). While Runyon does not raise any factual inaccuracy with the PSI, he contends that "[t]he PSI is not reliable because it is not thorough" since the investigator did not personally meet with him. (*Id.* at 6).

{¶17} "A trial court is entitled to order a presentence investigation and to consider the PSI at sentencing." *State v. Deberry*, 2021-Ohio-2532, ¶ 50 (2d Dist.). Indeed, when fashioning a sentence, "a trial court may rely on 'a broad range of

information' at sentencing," including the information contained in a PSI. *State v. Bodkins*, 2011-Ohio-1274, ¶ 43 (2d Dist.), quoting *State v. Bowser*, 2010-Ohio-951, ¶ 13 (2d Dist.).

{**¶18**} R.C. 2951.03 provides a defendant an opportunity to object to the information contained within the PSI report:

> (2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.
>
> . . .
>
> (5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any *factual inaccuracy* in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
>
> (a) Make a finding as to the allegation;
>
> (b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

(Emphasis added.) R.C. 2951.03(B)(2), (5).

{**¶19**} In this case, Runyon did not allege that the PSI contained inaccurate information; rather, Runyon alleged that he "never had an actual conversation with the PSI writer." (Feb. 8, 2024 Tr. at 15). In other words, Runyon agreed that the "information [contained in the PSI] does come from the questionnaires and paper

work [he filled] out . . . ." (*Id.*).  Therefore, because Runyon did not challenge any factual inaccuracy in the PSI, the trial court was not required to make any finding under R.C. 2951.03(B)(5).  *Compare State v. Hibbard*, 2004-Ohio-7138, ¶ 21 (12th Dist.) (concluding that the trial court "was not required to make a finding pursuant to R.C. 2951.03(B)(5)" because Hibbard "did not question the factual accuracy of specific information within the PSI").  *See also State v. Ellison*, 2008-Ohio-4134, ¶ 30 (2d Dist.) ("Any time the probation department makes a subjective determination it does not require fact-finding nor correction by the trial judge as it cannot form the basis of an assigned error at sentencing.")

{¶20} Even if the trial court failed to comply with R.C. 2951.03(B)(5), any resulting error would be harmless.  *Accord State v. Williamson*, 2005-Ohio-3524, ¶ 24 (5th Dist.).  *See also State v. Hale*, 2014-Ohio-262, ¶ 15 (3d Dist.) (applying the harmless-error standard to the findings required under R.C. 2951.03(B)(5)).  "[A] failure to make the requisite findings pursuant to R.C. 2951.03(B)(5) is harmless error if 'the record reflects that none of the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report.'"  *State v. Platz*, 2002-Ohio-6149, ¶ 18 (4th Dist.), quoting *State v. Griffin*, 1998 WL 102584, *4 (4th Dist. Feb. 12, 1998).  "The burden of proof regarding any inaccuracy is on the defendant who alleges that the report is inaccurate."  *State v. Arthurs*, 2021-Ohio-3296, ¶ 25 (5th Dist.).

**{¶21}** Here, Runyon does not direct us to any evidence, and we do not see any evidence, that the trial court relied on inaccurate information in fashioning Runyon's sentence. Notwithstanding that conclusion, Runyon also failed to detail an argument as to how he was prejudiced by the investigator's alleged failure to personally meet with him prior to drafting the PSI. *See State v. Thomas*, 2020-Ohio-4096, ¶ 21 (3d Dist.). Therefore, we conclude that this portion of Runyon's argument is without merit.

**{¶22}** Runyon further argues under his first assignment of error that the trial court erred by ordering that he serve his sentences consecutively. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides, in its relevant part, that

> the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶23} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.); *State v. Peddicord*, 2013-Ohio-3398, ¶ 33 (3d Dist.). Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶24} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 2014-Ohio-4140, ¶ 50 (3d Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶25}** In this case, the trial court made the three statutorily required findings before imposing consecutive sentences at the sentencing hearing and it incorporated those findings into its sentencing entry. *Accord State v. Robinson*, 2017-Ohio-2703, ¶ 9 (3d Dist.). Specifically, at Runyon's sentencing hearing, the trial court found that "consecutive sentences are necessary to protect the public from future crime and to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and to the danger that the defendant poses to the public." (Feb. 8, 2024 Tr. at 16). The trial court further found

> that at least two of the multiple offenses were committed as part of one or more courses of conduct. And that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(*Id.*). *See* R.C. 2929.14(C)(4)(b). Critically, the trial court incorporated those findings into its sentencing entry. (*See* Doc. No. 81).

**{¶26}** Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings in its sentencing entry. Therefore, based on our review of the record, we conclude that the trial court's findings are not clearly and convincingly unsupported by the record and that Runyon's consecutive sentences are not contrary to law.

**{¶27}** Runyon's assignments of error are overruled.

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**